JOHN MICHAEL CHRISTOPHER v. BRUCE-TERMINIX COMPANY AND SAM NEWMAN, JOINTLY AND SEVERALLY

No. 7515SC205

(Filed 2 July 1975)

Rules of Civil Procedure § 54— dismissal against one defendant — judgment not appealable

> Where plaintiff brought an action for damages for assault and battery against defendants, alleging that the individual defendant violently assaulted him while individual defendant was acting within the scope of his employment with defendant company, the judgment of the trial court dismissing plaintiff's claim against defendant company adjudicated the rights and liabilities of fewer than all the parties and contained no determination that there was no just reason for delay; therefore, it was not a final judgment and was not appealable.

APPEAL by plaintiff from *Braswell, Judge.* Judgment entered 6 February 1975 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 8 May 1975.

Plaintiff brought this action seeking to recover actual and punitive damages for assault and battery. He alleged in his complaint that prior to 25 February 1974 he was employed by defendant Bruce-Terminix Company. Defendant Sam Newman was a vice-president of Bruce-Terminix, and one of his duties was to meet with persons who left the company's employment and discuss the reasons for their departure. On 25 February 1974 plaintiff terminated his employment with Bruce-Terminix, and on March 1, he went to the company's Alamance County office to pick up his final paycheck and meet with Newman. When plaintiff told Newman that he had left Bruce-Terminix to work for Braam Pest Control, Inc., Newman allegedly became enraged and violently assaulted plaintiff causing severe and permanent injuries. Plaintiff further alleged that when Newman assaulted him, Newman was acting within the scope of his employment.

Christopher v. Bruce-Terminix Co.

Bruce-Terminix moved pursuant to G.S. 1A-1, Rule 12(b)(6), to dismiss the complaint for failure to state a claim for relief. Upon the order of the trial court granting the motion, plaintiff gave notice of appeal.

*Vernon, Vernon & Wooten, P.A., by Wiley P. Wooten, for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter and Vance Barron, Jr., for defendant appellee.*

ARNOLD, Judge.

Rule 54 of the North Carolina Rules of Civil Procedure provides in part:

"(b) *Judgment upon multiple claims or involving multiple parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The judgment dismissing plaintiff's claim against Bruce-Terminix adjudicates "the rights and liabilities of fewer than all the parties" and contains no determination that "there is no just reason for delay." It therefore is not a final judgment and is not appealable. *See Leasing, Inc. v. Dan-Cleve Corp.*, 25 N.C.

App. 18, 212 S.E. 2d 41 (1975) ; *Arnold v. Howard,* 24 N.C. App. 255, 210 S.E. 2d 492 (1974). Plaintiff's appeal is

Dismissed.

Judges MARTIN and CLARK concur.