PENTECOSTAL PILGRIMS AND STRANGERS CORPORATION, Plaintiff v. MARK E. CONNOR, FONVILLE MORISEY REALTY, INC., and MOUNT PEACE BAPTIST CHURCH, Defendants

No. COA09-398

(Filed 19 January 2010)

**Appeal and Error— interlocutory order—lack of jurisdiction**

Plaintiff's appeal from the trial court's order granting defendant's motion to dismiss was dismissed for lack of jurisdiction. Plaintiff did not recognize that the trial court's order was interlocutory and failed to address which, if any, substantial right would be affected absent immediate review.

Appeal by plaintiff from an order entered 10 September 2008 by Judge Carl Fox in Wake County Superior Court. Heard in the Court of Appeals 1 October 2009.

*The Shanahan Law Group, PLLC, by Kieran Shanahan, for plaintiff appellant.*

*Wardell & Associates, PLLC, by Bryan E. Wardell, for Mount Peace Baptist Church defendant appellee.*

HUNTER, JR., Robert N., Judge.

Plaintiff, Pentecostal Pilgrims and Strangers Corporation ("Pentecostal Pilgrims"), appeals from an order allowing the motion to dismiss of defendant Mount Peace Baptist Church ("Mount Peace"), for failure to state a claim upon which relief may be granted pursuant to North Carolina Rule of Civil Procedure 12(b)(6). Neither party has addressed the jurisdictional threshold question of whether this appeal is interlocutory and, if so, nonetheless affects a substantial right. " '[I]t is well established in this jurisdiction that if an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves.' " *Yordy v. N.C. Farm Bureau Mut. Ins. Co.,* 149 N.C. App. 230, 230-31, 560 S.E.2d 384, 384 (2002) (quoting *Bailey v. Gooding,* 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980)). For the reasons set forth below, we dismiss this appeal as interlocutory.

## I. Factual Background

Pentecostal Pilgrims alleged the following in its complaint: In January 1996, Pentecostal Pilgrims purchased a 4.73-acre tract of

commercial real estate ("the property"), located in Raleigh, North Carolina, for $255,000.00. The property was purchased through a deed of trust securing a promissory note in favor of Wachovia Bank of North Carolina ("Wachovia Bank"). In June 2006, Pentecostal Pilgrims was having financial difficulty making the payment and decided to sell the property.

Pentecostal Pilgrims consulted with Fonville Morisey Realty, Inc. ("Fonville Morisey") real estate agent Mark E. Connor ("Connor") on the marketing of the property. Pentecostal Pilgrims' pastor, Bishop Vernon Jones ("Bishop Jones"), and church secretary, Shelby S. Taylor ("Taylor"), shared confidential information about Pentecostal Pilgrims' finances and goals with Connor.

On or about 12 June 2006, Pentecostal Pilgrims signed Fonville Morisey's "Exclusive Right to Sell Listing Agreement" ("Listing Agreement"). The Listing Agreement showed the sales price as $1,500,000.00. Taylor was designated to communicate with Connor on behalf of Pentecostal Pilgrims; she reported their negotiations to Bishop Jones. Pentecostal Pilgrims alleges that, under the Listing Agreement, Connor had a duty to inform it of potential buyers, as well as show and market the property to those purchasers.

On or about 14 June 2006, Pentecostal Pilgrims received a certified demand letter from Wachovia Bank indicating that the property would be sold through a foreclosure auction sale before 12 July 2006. The next day, Pentecostal Pilgrims called Connor to inform him that the property was in foreclosure and would be sold; therefore, the property needed to be sold before the foreclosure date.

Pentecostal Pilgrims alleges that Connor waited one to two weeks after the parties signed the Listing Agreement to place the "For Sale" sign on the property and waited until 16 June 2006 to enter the property into the Multiple Listing Service database. On or about 19 June 2006, Taylor, at Connor's request, signed a Dual Agency Addendum on behalf of Pentecostal Pilgrims. The Dual Agency Addendum did not identify Mount Peace as Connor's second client. Moreover, Connor asked Taylor to "back date" the Addendum to 12 June 2006, the date of the original Exclusive Right to Sell Listing Agreement. Pentecostal Pilgrims alleges that Connor secured the dual agency so that he could also represent Mount Peace where Connor was a member and President of the Board of Trustees.

On 19 June 2006, Connor told Pentecostal Pilgrims that Mount Peace was interested in purchasing the property and that he knew of

a "back-up buyer" who could pay cash if Mount Peace could not buy the property. Five potential buyers tried to contact Connor to inquire about the property prior to the foreclosure sale. Connor did not show the property to any prospective buyers. Moreover, individuals advised Pentecostal Pilgrims that they contacted Connor about viewing and purchasing the property; however, neither Connor nor Fonville Morisey returned the individual's phone calls or met them to view the property.

On 30 June 2006, Connor notified Pentecostal Pilgrims about Mount Peace's offer to purchase the property for $800,000.00. This was the first offer Connor conveyed to Pentecostal Pilgrims after being hired. Pentecostal Pilgrims accepted the offer and requested a written Agreement for Purchase and Sale of Real Property. Connor told Taylor that these documents would arrive between 5-7 July 2006. Pentecostal Pilgrims alleges that it did not hear from Connor for several days.

On 7 July 2006, Pentecostal Pilgrims notified Wachovia Bank about the upcoming sale of the property. Herb Utter ("Utter"), the beneficiary of the Trust for which Wachovia held the note, allowed Pentecostal Pilgrims to bring the note current and postpone foreclosure proceedings if Pentecostal Pilgrims provided him the Agreement for Purchase and Sale of Real Property on 10 July 2006, and by the morning of 11 July 2006. On 8 July 2006, Taylor emailed Connor on behalf of Pentecostal Pilgrims noting the conversation with Utter about postponing the foreclosure proceedings. Connor did not respond to Taylor's email. Taylor demanded to know who the "back-up buyer" was, but Connor did not disclose the information. Connor did not supply the Agreement for Purchase and Sale of Real Property and missed the deadline that Utter imposed.

On 10 July 2006, Pentecostal Pilgrims received an email from Connor indicating that Mount Peace reduced its offer to $525,000.00. When Taylor called Connor to protest this offer, Connor said that he considered it to be a fair offer. Connor missed two appointments with Pentecostal Pilgrims on 10 July 2006, but finally arrived at 4:45 p.m. with the Agreement for Purchase and Sale of Real Property. On 12 July 2006, Pentecostal Pilgrims, Connor and Stephany Hand ("Hand"), attorney for Mount Peace, met with officers from Wachovia Bank in an attempt to postpone foreclosure proceedings. At this time Utter, via telephone conference, gave Wachovia instructions to foreclose on the property. Connor and Hand then began asking questions about bidding on the property at the foreclosure sale.

On 14 July 2006, Connor personally began to submit and sign initial bids and subsequent upset bids on behalf of Mount Peace. On 11 October 2006, Connor submitted and signed a successful upset bid for $485,743.28. Mount Peace purchased the property through the foreclosure sale and a Final Report and Account of Foreclosure Sale was filed on 16 January 2007. In January 2007, Mount Peace began occupying the property.

On 21 September 2007, Mount Peace filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted. On 10 September 2008, the trial court granted the motion to dismiss Pentecostal Pilgrims' claims against Mount Peace. On 8 October 2008, Pentecostal Pilgrims filed and served written notice of appeal.

## II. Interlocutory Appeal Jurisdiction

When appealing an interlocutory order, Rule 28(b) of the North Carolina Rules of Appellate Procedure specifically requires that an appellant's brief include the following:

> *A statement of the grounds for appellate review.* Such statement shall include citation of the statute or statutes permitting appellate review. When an appeal is based on Rule 54(b) of the Rules of Civil Procedure, the statement shall show that there has been a final judgment as to one or more but fewer than all of the claims or parties and that there has been a certification by the trial court that there is no just reason for delay. When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.

N.C.R. App. P. 28(b)(4) (2009). The burden rests on the appellant to establish the basis for an interlocutory appeal. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994).

Pentecostal Pilgrims' complaint states causes of action against multiple defendants: Connor, Fonville Morisey, and Mount Peace. Therefore, the court's grant of Mount Peace's motion to dismiss was not a final judgment as to all parties to the litigation and, as such, the order was interlocutory. *See, e.g. Pratt v. Staton*, 147 N.C. App. 771, 773, 556 S.E.2d 621, 623 (2001) (providing that "[a]n order . . . granting a motion to dismiss certain claims in an action, while leaving other claims in the action to go forward, is plainly an interlocutory order").

Our Supreme Court has distinguished final judgments from interlocutory orders in the following manner:

> Judgments and orders of the Superior Court are divisible into these two classes: (1) Final judgments; and (2) interlocutory orders. A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Veazey v. Durham*, 231 N.C. 357, 361, 57 S.E.2d 377, 381 (1950). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). N.C.R. Civ. P. 54 provides in pertinent part that an interlocutory order is immediately appealable if the order represents "a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment." N.C. R. Civ. P. 54(b).

A party may appeal an interlocutory order if it affects a substantial right claimed in any action or proceeding and "[will] work injury [to the appellant] if not corrected before final judgment." *Goldston*, 326 N.C. at 728, 392 S.E.2d at 737. A substantial right is " 'a legal right affecting or involving a matter of substance as distinguished from matters of form; a right materially affecting those interests which a man is entitled to have preserved and protected by law: a material right.' " *Oestreicher v. Stores*, 290 N.C. 118, 120, 225 S.E.2d 797, 805 (1976) (citation omitted). Whether an order affects a substantial right is decided on a case-by-case basis. *Estrada v. Jaques*, 70 N.C. App. 627, 642, 321 S.E.2d 240, 250 (1984).

In the present case, the superior court's order granting Mount Peace's Rule 12(b)(6) motion to dismiss was a final judgment as to only one party, Mount Peace. Thus, the order is interlocutory and not immediately appealable. *Hudson-Cole Dev. Corp. v. Beemer, Inc.*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 312 (1999). The motion did not dispose of Pentecostal Pilgrims' additional claims against Connor and Fonville Morisey. The judgment dismissing Pentecostal Pilgrims' claims against Mount Peace adjudicates " 'the rights and liabilities of fewer than all the parties[.]' " *Christopher v. Bruce-Terminix Co.*, 26 N.C. App. 520, 521, 216 S.E.2d 375, 376 (1975) (citation omitted). Moreover, the trial court did not certify that "there is no just reason

for delay." *Id.* Therefore, Pentecostal Pilgrims does not have an appeal as of right from the trial court's order.

An immediate appeal from an interlocutory order may be taken from an order that affects a substantial right of appellant. *Hudson-Cole Dev. Corp.*, 132 N.C. App. at 344, 511 S.E.2d at 312. Pentecostal Pilgrims' appeal is interlocutory because the trial court's order dismissing the claims against Mount Peace does not dispose of the cause of action as to remaining defendants Mark Connor and Fonville Morisey Realty, Inc. Therefore, the order is not a final judgment. Moreover, in its appellate brief, Pentecostal Pilgrims did not recognize that its appeal was interlocutory and, as such, did not provide this Court with a jurisdictional basis as to which, if any, substantial right would be affected absent immediate review. Accordingly, Penecostal Pilgrams' appeal is

Dismissed.

Judges STEPHENS and BEASLEY concur.