Bohn v. Black, 2018 NCBC 48.

STATE OF NORTH CAROLINA

TRANSYLVANIA COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 228

MATT BOHN and wife, LAURIE
BOHN,

          Plaintiffs,

v.

JUDITH BLACK; NANCY BLACK;
SCOTT HATTER; JEANNE
HATTER; BLACK FOREST FAMILY
CAMPING RESORT, INC.; and a
certain unnamed De Facto North
Carolina General Partnership, a/k/a
the BLACK FOREST
PARTNERSHIP,

          Defendants.

**ORDER AND OPINION
ON PLAINTIFFS' MOTION
TO CLARIFY AND RECONSIDER**

1. Pending before the Court is Plaintiffs' Motion to Clarify and Reconsider Order on Motion to Modify Case Management Order. For the following reasons, the Court **DENIES** the motion.

> *Whitfield-Cargile Law, PLLC, by Davis A. Whitfield-Cargile, for Plaintiffs.*

> *Fisher Stark, P.A., by Brad A. Stark, W. Perry Fisher, II, and Megan N. Silver, for Defendants.*

Conrad, Judge.

I.
BACKGROUND

2. This lawsuit arises out of a deteriorating family relationship between Defendant Judith Black and her daughter Laurie Bohn and son-in-law Matt Bohn ("Plaintiffs" or "the Bohns"). Among other things, the parties dispute the ownership

of the Bohns' home and what, if any, interest the Bohns possess in Black Forest Family Camping Resort, Inc.

3. The Bohns initiated this action on May 12, 2017. (V. Compl., ECF No. 1.) On May 15, 2017, the Honorable Judge Jeff P. Hunt granted the Bohns' motion for a temporary restraining order preventing Defendants from blocking the Bohns' access to their home, from cutting off water to the home, and from assessing rent. (TRO, ECF No. 2.)

4. Following entry of the temporary restraining order, the case was then designated as a mandatory complex business case by order of the Chief Justice of the North Carolina Supreme Court, (ECF No. 4), and assigned to the undersigned by order of Chief Business Court Judge James L. Gale, (ECF No. 5). Following assignment, this Court entered a preliminary injunction in favor of Plaintiffs. (*See* ECF No. 24.)

5. On August 31, 2017, pursuant to Rule 9 of the General Rules of Practice and Procedure for the North Carolina Business Court ("BCR" or "Business Court Rule(s)"), the Court entered a Case Management Order governing, among other things, the discovery deadlines in this case. (Case Mgmt. Order, ECF No. 25 ["CMO"].) The parties agreed to an extended seven-month period, ending March 31, 2018, in which to conduct general discovery, followed by an additional ninety days for expert discovery. (*See* CMO § IV.A.2.) Plaintiffs' deadline to make expert disclosures was March 1, 2018, and Defendants' deadline is June 1, 2018. (CMO § IV.A.6.)

6. Plaintiffs conducted essentially no discovery for the next six months. Their deadline to make expert disclosures came and went without any action. They also failed to serve any discovery requests before March 2018, the final month of general discovery. When Plaintiffs first served written discovery requests on March 6 and March 23, 2018, the deadlines for Defendants' objections and responses were after the March 31, 2018 close of general discovery. (*See* Pls.' Br. Supp. Mot. to Modify Case Mgmt. Order 2–3, ECF No. 32 ["Br. Supp. Mot. to Modify"]; Pls.' Reply Br. Supp Mot. to Modify Case Mgmt. Order 3 n.2, ECF No. 39 ["Reply Supp. Mot. to Modify"].)

7. Having painted themselves into a corner, on March 15, 2018, Plaintiffs moved to extend the period for general discovery until June 31, 2018, followed by ninety days for expert discovery. (Mot. to Modify Case Mgmt. Order 1, ECF No. 31 ["Mot. to Modify"].) Plaintiffs also sought to extend the deadlines for expert disclosures to June 1, 2018 for the party bearing the burden of proof on an issue and to September 1, 2018 for the opposing party. (Mot. to Modify 1.) Plaintiffs argued that good cause and excusable neglect existed to support their motion because a series of illnesses, bad weather, vacations, and calendar software errors interfered with their counsel's ability to comply with the existing discovery deadlines. (Br. Supp. Mot. to Modify 1–3.) Defendants opposed the motion.

8. After full briefing and a hearing by teleconference, the Court denied the motion ("April 17 Order"). (*See* Order on Mot. to Modify Case Mgmt. Order, ECF No. 40 ["Order"].) The Court concluded that Plaintiffs had not "'pursued discovery diligently'" but had instead "made a strategic decision not to conduct any discovery

before November 2017, when they retained additional counsel." (Order ¶ 7 (quoting BCR 10.4(a)).) In addition, "[t]he fact that counsel experienced adverse personal events during the last few months of the discovery period [did] not excuse the failure to conduct any discovery whatsoever during the ten months since this case was filed or to seek timely relief from the Court." (Order ¶ 9.) Finally, the Court concluded that the requested extension would substantially prejudice Defendants but that "any prejudice to Plaintiffs resulting from the motion's denial [was] entirely self-inflicted." (Order ¶ 10.)

9. On April 23, 2018, Plaintiffs moved for reconsideration pursuant to Rules 54(b) and 60(b)(6) of the North Carolina Rules of Civil Procedure. (ECF No. 41 ["Mot. to Reconsider"].) The motion has been fully briefed and is ripe for determination. By statute, this Court is required to issue a written opinion in connection with all orders granting or denying relief under Rule 60. *See* N.C. Gen. Stat. § 7A-45.3. The Court elects to do so without a hearing. *See* BCR 7.4.

II.
ANALYSIS

10. The Business Court Rules clearly state that "[e]ach party is responsible for ensuring that it can complete discovery within the time period in the Case Management Order." BCR 10.4(a). In this case, the Court adopted the extended discovery schedule proposed jointly by the parties. Despite the extended schedule, Plaintiffs elected not to start, much less complete, discovery until it was too late. When they sought to revive deadlines that had already passed, the Court denied relief and enforced the deadlines stated in the Case Management Order. *See, e.g., In re*

*Pedestrian Walkway Failure*, 173 N.C. App. 254, 265, 618 S.E.2d 796, 804 (2005) (affirming trial court's enforcement of case management deadlines); *see also United States v. Golden Elevator*, 27 F.3d 301, 302 (7th Cir. 1994) ("Time limits coordinate and expedite a complex process."); *United States ex rel. Tyson v. Amerigroup Ill., Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005) ("Complex cases . . . must have enforceable discovery deadlines.").

11. Plaintiffs now ask the Court to reconsider. Among other things, Plaintiffs request that the Court eliminate the existing period for expert discovery in the Case Management Order, reopen the period for general fact discovery, and require Defendants to respond to the discovery requests served in March 2018. For the following reasons, the Court denies the motion.

### A. Rule 60(b)

12. Plaintiffs do not seek appropriate relief under Rule 60(b)(6) because the Court's April 17 Order was interlocutory, rather than final. Our appellate courts have repeatedly held that, "[b]y its express terms, Rule 60(b) only applies to final judgments, orders, or proceedings; it has no application to interlocutory orders." *Pratt v. Staton*, 147 N.C. App. 771, 775, 556 S.E.2d 621, 624 (2001); *see also Sink v. Easter*, 288 N.C. 183, 196, 217 S.E.2d 532, 540 (1975); *Rupe v. Hucks-Follis*, 170 N.C App. 188, 191, 611 S.E.2d 867, 869 (2005). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Pentecostal Pilgrims & Strangers Corp. v. Connor*, 202 N.C. App.

128, 132, 688 S.E.2d 81, 83–84 (2010) (quoting *Veazy v. Durham*, 231 N.C. 357, 361, 57 S.E.2d 377, 381 (1950)).

13. The Court's April 17 Order dealt solely with enforcing the parties' agreed-to discovery deadlines and did not dispose of any claim as to any party. *See id.*; *see also Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) ("[T]he trial court's discovery order is interlocutory because it does not dispose of the case, but instead leaves it for further action by the trial court in order to settle and determine the entire controversy." (citation and quotation marks omitted)). Accordingly, the Court denies the motion to reconsider under Rule 60(b)(6).

## B. Rule 54(b)

14. Plaintiffs also seek relief under Rule 54(b) (although the motion inadvertently refers to Rule 54(a)). Interlocutory orders are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." N.C. R. Civ. P. 54(b). "Although the North Carolina courts have not formulated a standard to guide trial courts in considering a motion to amend an interlocutory ruling under Rule 54(b), federal case law addressing similarly worded portions of Federal Rule 54(b) provides useful guidance." *W4 Farms, Inc. v. Tyson Farms, Inc.*, 2017 NCBC LEXIS 99, at *4–5 (N.C. Super. Ct. Oct. 19, 2017) (citation and quotation marks omitted).

15. The purpose of a motion to reconsider "is not to present a better and more compelling argument that the party could have presented in the original briefs." *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619

(M.D.N.C. 2005). Rather, the motion is "appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Pender v. Bank of Am. Corp.*, 2011 U.S. Dist. LEXIS 1838, at *7 (W.D.N.C. Jan. 7, 2011) (citing *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005)); *see also Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, L.L.P.*, 322 F.3d 147, 167 (2d Cir. 2003); *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003); *W4 Farms*, 2017 NCBC LEXIS 99, at *5. These circumstances "rarely arise and the motion to reconsider should be equally rare." *DirecTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A motion pursuant to Rule 54(b) is within the trial court's discretion. *Akeva*, 385 F. Supp. 2d at 565; *W4 Farms*, 2017 NCBC LEXIS 99, at *5.

16. Plaintiffs have not identified any new evidence, intervening changes in the law, or manifest injustice in need of correction. Instead, Plaintiffs renew their attempt to show good cause or excusable neglect by "incorporat[ing] the previously filed motion, brief and arguments of counsel." (Pls.' Br. Supp. Mot. to Clarify & Reconsider 3, ECF No. 42 ["Br. Supp. Mot. to Reconsider"].) Because the Court has considered and rejected these arguments, they are not appropriate grounds for reconsideration.

17. Plaintiffs also make a new argument: that the Court should convert the expert discovery period into an additional period of fact discovery and then require

"Defendants to answer the written discovery requests served by Plaintiffs on March 6, 2018 and March 23, 2018." (Br. Supp. Mot. to Reconsider 2; *see also* Pls.' Reply Br. Supp. Mot. to Clarify & Reconsider 2, ECF No. 46 ["Reply Supp. Mot. to Reconsider"].) Plaintiffs contend this modification would "facilitate the completion of fact discovery" without prejudicing Defendants or requiring the extension of any other case management deadlines, while also furthering "the important goals of pre-[trial] discovery to narrow and sharpen the basic issues and facts." (Br. Supp. Mot. to Reconsider 2–3; *see also* Reply Supp. Mot. to Reconsider 5.)

18.    The Court disagrees. Plaintiffs' argument is one it "could have presented in [its] original [motion and] briefs." *Madison River Mgmt.*, 402 F. Supp. 2d at 619. Plaintiffs filed their motion to modify two weeks after the deadline to disclose experts had lapsed, but by that time had made no expert disclosure. (*See* Mot. to Modify 1.) Plaintiffs knew then that their motion was untimely. They were also aware that Defendants objected to a three-month extension of the fact and expert discovery deadlines because it would impose on them substantial prejudice. (*See* Defs.' Mem. Opp'n to Pls.' Mot. to Modify Case Mgmt. Order 7–11, ECF No. 33.) Nothing prevented Plaintiffs from seeking the extension they request now.

19.    Contrary to Plaintiffs' argument, "the interests of justice" do not "favor" reopening the period for general fact discovery and requiring Defendants to provide discovery responses. (Reply Supp. Mot. to Reconsider 4.) Plaintiffs initiated this action; sought and received a preliminary injunction against Defendants; agreed to an extended discovery period; and then did virtually nothing. Having failed to

"pursue[] discovery diligently," Plaintiffs are not entitled to yet more time so that they can begin to do so now. BCR 10.4(a).

20. Furthermore, as the Court explained in its April 17 Order, Defendants "had a right to expect that having been set," the case management deadlines would "be honored." *Amerigroup Ill.*, 230 F.R.D. at 545. Reopening fact discovery as Plaintiffs request would require Defendants to provide full discovery responses on a condensed schedule—all to accommodate *Plaintiffs'* delay. This would not be an equitable outcome.

21. In short, the Court discerns no manifest injustice that would result from enforcing the discovery deadlines. The parties agreed that Plaintiffs may depose Defendants, and the April 17 Order allows those depositions to proceed. Any other prejudice to Plaintiffs resulting from their tardy discovery efforts "is entirely self-inflicted." (Order ¶ 10.)

22. Accordingly, the Court denies the motion to reconsider under Rule 54(b).

## C. Clarification

23. Plaintiffs also seek clarification of the April 17 Order. Plaintiffs first request that the Court clarify (1) "whether Defendants will be required to identify any expert they intend to rely on at trial" and (2) "whether Defendants will be required to provide to Plaintiffs documents and things upon which Defendants intend to rely at trial." (Mot. to Reconsider 1.) These points require no clarification because they are governed by the Case Management Order and Business Court Rule 12.

24. In addition, Plaintiffs seek authorization to notice Defendants to bring documents to depositions they have agreed to hold after the discovery period. (Mot. to Reconsider 1.) This is not a request for clarification. It is instead, as Defendants correctly observe, "a back-door attempt to obtain documents to which they are not entitled" pursuant to the April 17 Order. (Defs.' Mem. Opp'n to Pls.' Mot. to Reconsider 6, ECF No. 45 ["Mem. Opp'n"].) Defendants assert, and Plaintiffs do not deny, that the deposition notices served by Plaintiffs "did not include requests pursuant to Rule 34 for production of documents and tangible things." (Mem. Opp'n 7.) The Court denies Plaintiffs' belated request for the production of documents.

III.
CONCLUSION

25. For these reasons, the Court **DENIES** the motion.

This the 16th day of May, 2018.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
 for Complex Business Cases