An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-522

Filed 2 July 2025

Durham County, No. 18CVS001380-310

JAMES E. PRICE, Plaintiff,

v.

DUSTIN YUENGLING, ET AL., Defendants.

Appeal by Plaintiff from orders entered: 24 April 2019, by Judge John M. Dunlow; 23 July 2021, by Judge John W. Smith; 20 September 2023, by Judge John M. Dunlow; and 4 January 2024, by Judge Michael J. O'Foghludha in Durham County Superior Court. Heard in the Court of Appeals 28 January 2025.

> *James E. Price, pro se Plaintiff-Appellant.*
>
> *Durham City Attorney's Office, by John P. Roseboro for Defendant-Appellees The City of Durham, et al.*
>
> *Attorney General Jeff Jackson, by Special Deputy Attorney General Elizabeth Curran O'Brien, for Defendant-Appellees D.C. Robinson, et al.*

CARPENTER, Judge.

James E. Price ("Plaintiff") appeals from the trial court's: (1) 24 April 2019 orders granting the motions to dismiss filed by Magistrate D.C. Robinson, Assistant

District Attorney ("ADA") Cynthia B. Kenney, the City of Durham, and Officers Dustin Yuengling, Ronald Mbuthia, and Jennifer Hollingsworth; (2) 23 July 2021 order denying Plaintiff's motion for entry of default judgment; (3) 20 September 2023 order granting summary judgment in favor of Officers Yuengling, Mbuthia, and Hollingsworth; and (4) 4 January 2024 order denying Plaintiff's motion for an order of production of stenographic transcripts. After careful review, we dismiss Plaintiff's appeal as interlocutory.

## I. Factual & Procedural Background

This appeal arises from a lawsuit initiated by Plaintiff against eleven Defendants: (1) the City of Durham; (2) the County of Durham; (3) Officer Yuengling, in his individual and official capacity; (4) Officer Mbuthia, in his individual and official capacity; (5) Officer Hollingsworth, in her individual and official capacity; (6) the City of Durham Police Department; (7) Magistrate Robinson, in his individual and official capacity; (8) Sheriff Michael D. Andrews, in his individual and official capacity; (9) Deputy Sheriff J. Gryder, in his individual and official capacity; (10) Deputy Sheriff Geoffrey Middleton, in his individual and official capacity; and (11) ADA Kenney, in her individual and official capacity. Plaintiff's complaint asserted multiple causes of action arising from his 14 October 2015 arrest and the related proceedings.

In October 2015, Plaintiff was living in an apartment with Anthony Phoenix in Durham, North Carolina. On 14 October 2015, Phoenix and his ex-girlfriend,

Miracle Barnes, called 9-1-1 to report that Plaintiff had exposed himself to Barnes' four-year-old daughter. Officers Mbuthia, Yuengling, and Hollingsworth, with the City of Durham Police Department, responded to the call and arrived at the apartment to investigate.

Upon arrival, Officer Hollingsworth spoke with Barnes and her daughter outside of the apartment. Barnes informed Officer Hollingsworth that Barnes and her daughter were at Phoenix's apartment because they needed a place to stay after losing their home. Barnes told Officer Hollingsworth that after bathing and putting her daughter upstairs in Phoenix's bedroom for the night, she went downstairs to sit with Phoenix. While downstairs, Barnes heard her daughter crying so she went back upstairs to see what was wrong. Barnes' daughter explained that Plaintiff tried to get her to come into his room and then he "showed [her] his private parts."

After speaking with Barnes and Phoenix, the officers went inside the apartment and entered Plaintiff's bedroom where they found Plaintiff lying in his bed wearing only a shirt with his genitals uncovered and exposed. Officers advised Plaintiff that he was under arrest and told him to get out of bed and get dressed. According to Plaintiff, when he asked the officers why he was under arrest, Officer Yuengling responded, "you're under arrest for indecent exposure." When Plaintiff did not get out of bed, officers forcibly removed him from his bed, handcuffed him, and helped him put on a pair of gym shorts. The officers placed Plaintiff inside a patrol car and transported him to the Durham County Detention Center where he appeared

before the magistrate on duty, Magistrate Robinson. Magistrate Robinson issued a magistrate's order for indecent liberties with a child.

On 2 November 2015, ADA Kenney presented a bill of indictment to a Durham County grand jury for the offenses of taking indecent liberties with a child and attempted first-degree kidnapping, but the grand jury did not return a true bill of indictment. On 16 November 2015, ADA Kenney presented a bill of indictment to a Durham County grand jury for the offense of taking indecent liberties with a child. This time, the grand jury returned a true bill of indictment. On 13 August 2018, ADA Kenney, Plaintiff, and Plaintiff's attorney signed a superceding bill of information charging Plaintiff with one count each of: taking indecent liberties with a child and indecent exposure in a private place. That same day, Plaintiff pleaded guilty to: indecent exposure to a child in private and possessing an image of secret peeping. Plaintiff appealed his criminal conviction.[1]

On 17 October 2018, Plaintiff filed an amended civil complaint. As far as we are able to discern, the claims Plaintiff asserted in his amended civil complaint can be summarized as follows. As against the City of Durham: vicarious liability for Officers Yuengling, Mbuthia, and Hollingsworth's conduct. As against the County of Durham: vicarious liability for Magistrate Robinson and Sheriffs Andrews, Gryder,

---

[1] This Court set aside Plaintiff's plea agreement and remanded his case to the trial court because the statute under which Plaintiff was convicted was not in effect at the time Plaintiff's alleged crimes were committed. *See State v. Price*, 274 N.C. App. 250, 848 S.E.2d 757 (2020) (unpublished).

and Middleton's conduct. As against Officers Yuengling, Mbuthia, and Hollingsworth: violation of due process and equal protection, false imprisonment, assault, and battery. As against the City of Durham Police Department: vicarious liability for Officers Yuengling, Mbuthia, and Hollingsworth's conduct. As against Magistrate Robinson: violation of due process and equal protection, false imprisonment, and deprivation of a neutral and detached magistrate. As against Sheriffs Andrews, Gryder, and Middleton: negligence, or in the alternative, intentional damage to property, and a violation of the constitutional right to be secure in one's person and effects. Finally, as against ADA Kenney: violation of due process and equal protection, malicious prosecution, and deprivation of a fair and impartial grand jury and prosecutor.

On 22 January 2019, Magistrate Robinson and ADA Kenney filed a motion to dismiss, arguing Plaintiff's claims against them were barred by absolute judicial immunity and absolute prosecutorial immunity, respectively. On 28 January 2019, the City of Durham filed a motion to dismiss, arguing Plaintiff's claims were barred by governmental immunity. Also on 28 January 2019, Officers Yuengling, Mbuthia, and Hollingsworth filed a motion to dismiss, arguing Plaintiff's claims against them were barred by governmental immunity, qualified immunity, and public official immunity.

On 24 April 2019, the trial court granted Magistrate Robinson, ADA Kenney, and the City of Durham's motions to dismiss. That same day, the trial court also

granted Officers Yuengling, Mbuthia, and Hollingsworth's motion to dismiss the claims against them in their official capacity, but denied their motion as to the claims against them in their individual capacity.

On 20 July 2021, Plaintiff filed a motion for entry of default against Officers Yuengling, Mbuthia, and Hollingsworth, as the officers had not filed an answer to Plaintiff's complaint following the trial court's 24 April 2019 order denying in part their motion to dismiss. On 23 July 2021, the trial court denied Plaintiff's motion, concluding Officers Yuengling, Mbuthia, and Hollingsworth had shown good cause and that the best interest of justice would be served by allowing them a reasonable time to file their answers. In making its determination, the trial court noted that Plaintiff, in response to the trial court's previous orders, filed a notice of appeal to this Court, but did not take any further action to file or perfect the appeal.

On 30 July 2021, Officers Yuengling, Mbuthia, and Hollingsworth filed an answer to Plaintiff's complaint asserting several affirmative defenses including public official immunity and qualified immunity. On 22 June 2023, Officers Yuengling, Mbuthia, and Hollingsworth filed a motion for summary judgment. On 11 September 2023, the trial court conducted a hearing on the matter and granted summary judgment on 20 September 2023, concluding there was no genuine issue of material fact and the movants were entitled to judgment as a matter of law.

On 16 October 2023, Plaintiff filed written notice of appeal from the trial court's: 24 April 2019 orders granting the motions to dismiss; 23 July 2021 order

denying Plaintiff's motion for default judgment; and 20 September 2023 order granting Officers Yuengling, Mbuthia, and Hollingsworth's motion for summary judgment.

Also on 16 October 2023, Plaintiff filed a motion for order of production of stenographic transcripts, requesting the trial court order the State to provide Plaintiff with transcripts from the default judgment and summary judgment hearings at the State's expense. On 4 January 2024, the trial court denied Plaintiff's motion, concluding Plaintiff had not shown good cause for issuance of the order. On 23 January 2024, Plaintiff filed notice of appeal from the trial court's 4 January 2024 order.

## II. Jurisdiction

As an initial matter, we address whether this appeal is properly before us. Generally, this Court does not hear appeals unless a final judgment has been entered. *See Denney v. Wardson Construction, Inc.*, 264 N.C. App. 15, 17, 824 S.E.2d 436, 438 (2019). " 'A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court.' " *Duval v. OM Hospitality, LLC*, 186 N.C. App. 390, 392, 651 S.E.2d 261, 263 (2007) (quoting *Veazey v. City of Durham*, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950)). Conversely, "[a]n interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey*, 231 N.C. at 362, 57

S.E.2d at 381. "[T]here is no right of immediate appeal from interlocutory orders and judgments," *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990), predominately because such "fragmentary and premature" appeals "encourage and facilitate delays, increase costs and multiply appeals," *Cole v. Farmers Bank & Trust Co.*, 221 N.C. 249, 252, 20 S.E.2d 54, 56 (1942).

There are exceptions to this rule, however. First, interlocutory orders are "immediately appealable if the order represents 'a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment.'" *Pentecostal Pilgrims & Strangers Corp. v. Connor*, 202 N.C. App. 128, 132, 688 S.E.2d 81, 84 (2010) (quoting N.C. Gen. Stat. § 1A-1, Rule 54(b) (2009)). To proceed under this exception, the trial court must certify in the order that there is no just reason to delay the appeal. *See James River Equipment, Inc. v. Tharpe's Excavating, Inc.*, 179 N.C. App. 336, 339, 634 S.E.2d 548, 552 (2006); N.C. Gen. Stat. § 1A-1, Rule 54(b) (2023).

Alternatively, if the trial court has not certified the order under Rule 54(b), a party may still appeal an interlocutory order "[w]hen the challenged order affects a substantial right." *Denney*, 264 N.C. App. at 17, 824 S.E.2d at 438; *see* N.C. Gen. Stat. § 7A-27(b)(3) (2023).

In the instant case, Plaintiff sought relief against the aforementioned eleven Defendants. On 24 April 2019, the trial court granted the City of Durham's motion to dismiss, Officers Yuengling, Mbuthia, and Hollingsworth's motion to dismiss the

claims against them in their official capacity, and Magistrate Robinson and ADA Kenney's motion to dismiss the claims against them in both their individual and official capacity. Several years later, on 20 September 2023, the trial court granted Officers Yuengling, Mbuthia, and Hollingsworth's motion for summary judgment as to the claims against them in their individual capacity.

The claims Plaintiff asserted against the County of Durham, the City of Durham Police Department, and Sheriffs Andrews, Gryder, and Middleton, however, were not dismissed by the trial court. Indeed, there is no indication in the record that these Defendants filed motions to dismiss or motions for summary judgment. Thus, according to the record before us, those claims are still pending. Although the trial court's grant of the aforementioned motions were final judgments as to those Defendants, they were not a final judgment as to all the parties because the trial court's orders did not "dispose of the case." *See Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. Accordingly, Plaintiff's appeal is interlocutory.

Because Plaintiff's appeal is interlocutory, it is his burden to sufficiently brief the threshold question of jurisdiction. *See Doe v. City of Charlotte*, 273 N.C. App. 10, 22, 848 S.E.2d 1, 10 (2020). In his statement of the grounds for appellate review, Plaintiff acknowledges the orders from which he appeals are interlocutory and asserts that "there is no reason for further delay in the hearing of the appeal of this matter." But the trial court did not certify that there was no just reason for delay in any of the orders from which Plaintiff appeals. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b).

Furthermore, Plaintiff has not asserted that this appeal affects a substantial right. *See* N.C. Gen. Stat. § 7A-27(b)(3). In sum, Plaintiff's appeal is interlocutory, and he has failed to show an exception applies. Accordingly, we lack jurisdiction and dismiss Plaintiff's appeal.

## III. Conclusion

Plaintiff's appeal is interlocutory. Because the orders were not certified, and Plaintiff has not shown that his appeal affects a substantial right, we dismiss Plaintiff's appeal.

DISMISSED.

Judges TYSON and FREEMAN concur.

Report per Rule 30(e).