IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-667

Filed: 19 February 2019

Wake County, No. 17 CVS 1256

ERIC DENNEY, and wife CHRISTINE DENNEY, Plaintiffs,

v.

WARDSON CONSTRUCTION, INC., and HEALTHY HOME INSULATION, LLC, Defendants.

Appeal by defendant from order entered 14 February 2018 by Judge Vince Rozier in Wake County Superior Court. Heard in the Court of Appeals 16 January 2019.

> *The Armstrong Law Firm, P.A., by L. Lamar Armstrong, Jr., and L. Lamar Armstrong, III, for plaintiffs-appellees.*
>
> *George B. Currin, and Lewis & Roberts, PLLC, by Matthew D. Quinn, for defendant-appellant.*

DIETZ, Judge.

Defendant Wardson Construction, Inc. appeals a partial summary judgment order rejecting some of Wardson's res judicata defenses. Wardson concedes that this appeal is interlocutory and, notably, does not assert on appeal that the trial court's partial rejection of its res judicata defense creates any actual risk of inconsistent verdicts—meaning a risk that separate fact-finders reach conflicting results on the same factual issues.

Instead, relying on a handful of decade-old cases, Wardson contends that the denial of a res judicata defense is immediately appealable in every case as a matter of law. As explained below, this argument has been considered and rejected by this Court many times. As we recently reaffirmed, "invocation of res judicata does not automatically entitle a party to an interlocutory appeal of an order rejecting that defense." *Smith v. Polsky*, __ N.C. App. __, __, 796 S.E.2d 354, 359 (2017). For clarity, we once again hold that appellants in interlocutory appeals involving the defense of res judicata must show that the challenged order creates a risk of inconsistent verdicts or otherwise affects a substantial right based on the particular facts of the case. Because Wardson did not do so here, we dismiss this appeal for lack of appellate jurisdiction.

**Facts and Procedural History**

This dispute began after Eric Denney claimed that Wardson Construction and its subcontractor failed to properly install spray foam insulation during construction of Denney's home. In 2015, Denney sued Wardson and the subcontractor, asserting claims for breach of contract, fraudulent or negligent misrepresentation, and negligence. Defendants later moved for summary judgment on all claims. In 2016, the trial court granted partial summary judgment for Defendants, dismissing the fraud and negligence claims but permitting the breach of contract claim to proceed. Denney then voluntarily dismissed the suit.

In 2017, Denney and his wife filed a new lawsuit, asserting claims for breach of express warranty, breach of implied warranty, breach of contract, unfair and deceptive trade practices, fraud, conversion, and unjust enrichment. Wardson moved for summary judgment, arguing that all claims in the new lawsuit, except the breach of contract claim, were barred by res judicata.

The trial court again granted partial summary judgment, ruling that the fraud, conversion, and unjust enrichment claims were barred by res judicata, but permitting the remaining claims to proceed. Wardson timely appealed.

**Analysis**

"Ordinarily, this Court hears appeals only after entry of a final judgment that leaves nothing further to be done in the trial court." *Crite v. Bussey*, 239 N.C. App. 19, 20, 767 S.E.2d 434, 435 (2015). "The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Larsen v. Black Diamond French Truffles, Inc.*, 241 N.C. App. 74, 76, 772 S.E.2d 93, 95 (2015).

There is a statutory exception to this general rule when the challenged order affects a substantial right. N.C. Gen. Stat. § 7A-27(b)(3)(a). To confer appellate jurisdiction in this circumstance, the appellant must include in its opening brief, in the statement of the grounds for appellate review, "sufficient facts and argument to

support appellate review on the ground that the challenged order affects a substantial right." *Larsen*, 241 N.C. App. at 77, 772 S.E.2d at 95.

Importantly, this Court will not "construct arguments for or find support for appellant's right to appeal from an interlocutory order" on our own initiative. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). That burden falls solely on the appellant. *Id.* As a result, if the appellant's opening brief fails to explain why the challenged order affects a substantial right, we must dismiss the appeal for lack of appellate jurisdiction. *Larsen*, 241 N.C. App. at 79, 772 S.E.2d at 96.

Although this rule seems straightforward in the abstract, it is complicated by different rules concerning *how* a litigant must show that a substantial right is affected. Some rulings by the trial court affect a substantial right essentially as a matter of law. Sovereign immunity is an example. A litigant appealing the denial of a sovereign immunity defense need only show that they raised the issue below and the trial court rejected it—there is no need to explain why, on the facts of that particular case, the ruling affects a substantial right. *See, e.g., Ballard v. Shelley*, __ N.C. App. __, __, 811 S.E.2d 603, 605 (2018).

By contrast, most interlocutory issues require more than a categorical assertion that the issue is immediately appealable. In these (more common) situations, the appellant must explain, in the statement of the grounds for appellate

review, why the facts of that particular case demonstrate that the challenged order affects a substantial right.

Wardson acknowledges that this appeal is interlocutory but contends that rejection of a res judicata defense is like rejection of a sovereign immunity defense—meaning there is no need to explain why the facts of this particular case warrant immediate appeal. The company points to a series of decisions from this Court that, in its view, "expressly adopted a bright-line rule" that any order rejecting a res judicata defense is immediately appealable. *Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 83, 609 S.E.2d 259, 261 (2005); *Wilson v. Watson*, 136 N.C. App. 500, 501, 524 S.E.2d 812, 813 (2000); *Little v. Hamel*, 134 N.C. App. 485, 487, 517 S.E.2d 901, 902 (1999).

We are not persuaded that these decisions mean what Wardson claims. To be sure, these cases all permitted an immediate appeal of a res judicata issue. But none of these cases examined and rejected the notion that the appellants must show the appeal is permissible based on the particular facts of their case. Instead, the Court in these cases simply held that the appeal was permissible, without a detailed analysis of the distinction between the types of issues that categorically affect a substantial right and those that must be considered on a case-by-case basis. *Moody*, 169 N.C. App. at 84–87, 609 S.E.2d at 261–63; *Wilson*, 136 N.C. App. at 501–02, 524 S.E.2d at 813; *Little*, 134 N.C. App. at 487–89, 517 S.E.2d at 902–03.

More importantly, there is a separate, more specific line of cases holding that an individualized factual showing is required in res judicata cases. As this Court recently reaffirmed, "when a trial court enters an order rejecting the affirmative defense of res judicata, the order *can* affect a substantial right and *may* be immediately appealed." *Smith v. Polsky*, __ N.C. App. __, __, 796 S.E.2d 354, 359 (2017). "Even so, it is clear that invocation of res judicata does not automatically entitle a party to an interlocutory appeal of an order rejecting that defense." *Id.* Instead, the challenged order affects a substantial right only if there is a risk of "inconsistent verdicts," meaning a risk that different fact-finders would reach irreconcilable results when examining the same factual issues a second time. *Id.*

This line of cases, which includes nearly a dozen decisions over the past two decades, originated with a Supreme Court decision in the early 1990s. *See Bockweg v. Anderson*, 333 N.C. 486, 490–91, 428 S.E.2d 157, 160–61 (1993). In *Bockweg*, after acknowledging that "the right to avoid the possibility of two trials on the same issues" can permit an immediate appeal, the Supreme Court held that rejection of a res judicata defense "may affect a substantial right, making the order immediately appealable." *Id.*

The *Smith v. Polsky* line of cases applied this reasoning and held that rejections of a res judicata defense, while not categorically appealable in every case, *may* be immediately appealable if it creates a risk of inconsistent verdicts. Thus, even

assuming there is a conflict between the *Smith v. Polsky* line of cases and the cases cited by Wardson (and, as explained above, we are not persuaded that there is one), we must follow *Smith v. Polsky* because that line of precedent both came first and, over time, expressly addressed and distinguished the reasoning of the cases cited by Wardson. *See State v. Gonzalez*, No. COA18-228, __ N.C. App. __, __, __ S.E.2d __, __, 2019 WL 189853, at *3 (Jan. 15, 2019).

Applying this controlling line of precedent, we again reaffirm that an appellant seeking to appeal an interlocutory order involving res judicata must include in the statement of the grounds for appellate review an explanation of how the challenged order would create a risk of inconsistent verdicts or otherwise affect a substantial right based on the particular facts of that case. *Smith*, __ N.C. App. at __, 796 S.E.2d at 359–60. Wardson did not do so here. The company's arguments are, in effect, simply an assertion that they should not be forced to endure the burden of a trial when they have asserted a defense on which they believe they will prevail on appeal. It is well-settled that "avoiding the time and expense of trial is not a substantial right justifying immediate appeal." *Lee v. Baxter*, 147 N.C. App. 517, 520, 556 S.E.2d 36, 38 (2001). Accordingly, mindful of our duty to avoid "fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts," we dismiss this interlocutory appeal for lack of appellate jurisdiction. *Larsen*, 241 N.C. App. at 76, 772 S.E.2d at 95.

## Conclusion

We allow Plaintiffs' motion to dismiss this appeal.

DISMISSED.

Judges BERGER and MURPHY concur.