IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-255

Filed 21 November 2023

Mecklenburg County, No. 22 CVS 17751

MECKLENBURG ROOFING, INC., Plaintiff,

v.

JEREMY ANTALL & JOHNSON'S ROOFING SERVICE, INC., Defendants.

Appeal by plaintiff from order entered 17 November 2022 by Judge Hugh B. Lewis in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 August 2023.

*Safran Law Offices, by Brian J. Schoolman, and Hendrick, Phillips, Salzman & Siegel, P.C., by Philip J. Siegel, for plaintiff-appellant.*

*Smith, Currie & Hancock LLP, by Matthew E. Cox, for defendants-appellees.*

ZACHARY, Judge.

Plaintiff Mecklenburg Roofing, Inc., ("MRI") appeals from the trial court's order denying its motion for a preliminary injunction. After careful review, we dismiss the interlocutory appeal for lack of jurisdiction.

## I.    Background

In May 2019, MRI hired Defendant Jeremy Antall. MRI is a roofing contractor, and Mr. Antall first worked in the MRI service department as a superintendent and then was promoted to project manager. Mr. Antall described his responsibilities as

"ensur[ing] that job materials were delivered to job sites, that safety was being adhered to, and that the job was completed per the plans and specifications."

In July 2021, MRI promoted Mr. Antall to the position of estimator. According to Alexander Ray, MRI's Vice President, Mr. Antall "estimated over $64,000,000 worth of roofing projects for MRI across most of the states" that MRI served. Mr. Ray averred that "Mr. Antall worked closely with MRI's customers and potential customers" and "was given increased access to MRI's confidential information and trade secrets, and estimated projects with the benefit of MRI's pricing strategies, gross profit percentage targets, man-hour targets, overhead allocation targets, and net profit percentage targets."

As part of this promotion, Mr. Antall and MRI entered into an "Employment Covenants Agreement" ("the Agreement"), which included the following non-compete clause:

> [F]or so long as [Mr. Antall] is employed by [MRI] and for a period of two (2) years thereafter, [Mr. Antall] will not, individually or on behalf of any person, firm, partnership, association, business organization, corporation or other entity engaged in the "Business" (as defined above), engage or participate in the actual Estimating or Selling of commercial roofing services, including but not limited to roof removal, roof retrofit, roof replacement, and roof maintenance and repair, the retrofit, renovation or repair of the exterior building envelope and waterproofing including above and below grade, of commercial or public buildings and other operations incidental to the roofing and construction services described herein and provided by [MRI]; provided that the restrictions set forth in this section shall only apply within the one hundred (100) mile

radius from [MRI]'s office . . . .

In August 2022, Mr. Antall terminated his employment with MRI and accepted a position as an estimator with Defendant Johnson's Roofing Service, Inc. ("JRS") in Fort Mill, South Carolina, located within ten miles of MRI's office.

On 5 October 2022, MRI filed a verified complaint against Defendants alleging claims for misappropriation of trade secrets, tortious interference with contract, and tortious interference with existing and prospective relations. MRI also sought injunctive relief to enforce the non-compete clause and other provisions of the Agreement, and moved for the issuance of a preliminary injunction. Along with its complaint, MRI filed an affidavit from Mr. Ray. Before filing their responsive pleadings, on 10 November 2022, Defendants submitted affidavits from Mr. Antall and Drew Brashear, the owner of JRS. The parties also submitted memoranda of law opposing MRI's motion for a preliminary injunction.

On 15 November 2022, MRI's motion for a preliminary injunction came on for hearing in Mecklenburg County Superior Court. After hearing the arguments of counsel and reviewing the pleadings, affidavits, and memoranda submitted, the trial court denied MRI's motion by order entered on 17 November 2022. MRI timely filed notice of appeal from the trial court's order denying its motion for a preliminary injunction.

## II.    Appellate Jurisdiction

MRI acknowledges the interlocutory nature of the order from which it appeals,

but asserts that this Court may properly exercise jurisdiction because the trial court's order affects a substantial right of MRI. We disagree.

Ordinarily, this Court only hears appeals from final judgments. *See* N.C. Gen. Stat. § 7A-27(b)(1)–(2) (2021). "A preliminary injunction is interlocutory in nature." *Clark v. Craven Reg'l Med. Auth.*, 326 N.C. 15, 23, 387 S.E.2d 168, 173 (1990). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Hanesbrands Inc. v. Fowler*, 369 N.C. 216, 218, 794 S.E.2d 497, 499 (2016) (citation omitted). "An appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to [the] appellant if not corrected before appeal from final judgment." *Id.* (cleaned up); *see* N.C. Gen. Stat. §§ 1-277(a), 7A-27(b)(3)(a).

Our Supreme Court has consistently defined a "substantial right" as "a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which one is entitled to have preserved and protected by law: a material right." *Hanesbrands*, 369 N.C. at 219, 794 S.E.2d at 499–500 (cleaned up). Granted, this nebulous test is admittedly "more easily stated than applied"; thus, "it is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Id.* at 219, 794 S.E.2d at 500 (cleaned up); *see also Radiator Specialty Co. v. Arrowood Indem. Co.*, 253 N.C.

App. 508, 520, 800 S.E.2d 452, 460 (2017) ("Generally, each interlocutory order must be analyzed to determine whether a substantial right is jeopardized by delaying the appeal." (cleaned up)).

"To confer appellate jurisdiction based on a substantial right, the appellant must include in its opening brief, in the statement of the grounds for appellate review, sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." *Doe v. City of Charlotte*, 273 N.C. App. 10, 21, 848 S.E.2d 1, 9 (2020) (cleaned up); N.C.R. App. P. 28(b)(4) ("When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right."). "[I]f the appellant's opening brief fails to explain why the challenged order affects a substantial right, we must dismiss the appeal for lack of appellate jurisdiction." *Denney v. Wardson Constr., Inc.,* 264 N.C. App. 15, 17, 824 S.E.2d 436, 438 (2019).

> Although this rule seems straightforward in the abstract, it is complicated by different rules concerning *how* a litigant must show that a substantial right is affected. Some rulings by the trial court affect a substantial right essentially as a matter of law. Sovereign immunity is an example. A litigant appealing the denial of a sovereign immunity defense need only show that they raised the issue below and the trial court rejected it—there is no need to explain why, on the facts of that particular case, the ruling affects a substantial right.
>
> By contrast, most interlocutory issues require more than a categorical assertion that the issue is immediately appealable. In these (more common) situations, the appellant must explain, in the statement of the grounds for

appellate review, why the facts of that particular case demonstrate that the challenged order affects a substantial right.

*Id.* at 17–18, 824 S.E.2d at 438 (citation omitted).

Here, in its statement of the grounds for appellate review, MRI fails to offer the requisite explanation. Instead of explaining why the facts of this case demonstrate that the trial court's order affects a substantial right, MRI simply parrots the oft-repeated proposition that "[i]n cases involving an alleged breach of a non-competition agreement and an agreement prohibiting disclosure of confidential information, North Carolina appellate courts have routinely reviewed interlocutory court orders both granting and denying preliminary injunctions, holding that substantial rights have been affected." *Kennedy v. Kennedy*, 160 N.C. App. 1, 5–6, 584 S.E.2d 328, 331 (citation omitted), *appeal dismissed*, 357 N.C. 658, 590 S.E.2d 267 (2003). However, MRI's simple reliance on such bare statements of law—absent a clear and articulable demonstration of the factual basis underlying MRI's asserted substantial right—is insufficient.

Our appellate courts have consistently reiterated that mere citation to precedent is generally insufficient to invoke this Court's interlocutory jurisdiction. Indeed, a "fixation on . . . published case[s] that [the appellant] believe[s] to be controlling" is "a mistake our Court has warned against for years." *Doe*, 273 N.C. App. at 22, 848 S.E.2d at 10. Rather, "[w]hether a particular ruling affects a substantial right must be determined on a case-by-case basis." *Id.* (cleaned up). "Consequently,

. . . the appellant cannot rely on citation to precedent to show that an order affects a substantial right. Instead, the appellant must explain, in the statement of the grounds for appellate review, why the facts of that particular case demonstrate that the challenged order affects a substantial right." *Id.* (cleaned up).

And as explained below, here, MRI's misguided fixation on existing caselaw—at the expense of any context that might aid in our consideration of its interlocutory appeal—is compounded by another fatal shortcoming: MRI's failure to demonstrate that the order "will work injury to [MRI] if not corrected before appeal from final judgment." *Hanesbrands*, 369 N.C. at 218, 794 S.E.2d at 499 (citation omitted). "The appellant[ ] must present more than a bare assertion that the order affects a substantial right; [the appellant] must demonstrate *why* the order affects a substantial right." *Id.* at 219, 794 S.E.2d at 499 (citation omitted).

In its statement of the grounds for appellate review, MRI asserts that "interlocutory review is appropriate because MRI will lose the benefit of the noncompetition covenant in the absence of prompt review." MRI baldly asserts—without any supporting argument—that it "has a valid employment agreement structured to be no broader than necessary to protect its legitimate business interests" and that the trial court's denial of its motion for a preliminary injunction "permits [Mr.] Antall to violate the [A]greement while working for a competitor within the narrow geographic limits proscribed in the [A]greement."

Relying solely on these unsupported, conclusory assertions and scattered

citation to a few, select opinions—ascribing great weight to an unpublished decision of this Court[1]—MRI maintains that "because the covenants have only a two-year period, the relief sought by MRI could be mooted if Mr. Antall is permitted to continue competing with MRI." Consequently, according to MRI, our "failure to hear [its] appeal would involve a substantial right that may be lost before trial on the merits." *Iredell Digestive Disease Clinic, P.A. v. Petrozza*, 92 N.C. App. 21, 24, 373 S.E.2d 449, 451 (1988), *aff'd*, 324 N.C. 327, 377 S.E.2d 750 (1989).

MRI's statement of the grounds for appellate review is wholly insufficient. Like so many of its predecessors on appeal, MRI improperly and disproportionately relies upon vague, conclusory statements and prior cases to demonstrate that the challenged order affects a substantial right. Such assertions are ineffective to invoke our appellate jurisdiction, absent the requisite factual or evidentiary support. "In effect, [MRI] ask[s] this Court to comb through the record to understand the facts, research the elements of [preliminary injunctions and non-compete clauses], and then come up with a legal theory" to support its claim of a substantial right. *Doe*, 273 N.C. App. at 21–22, 848 S.E.2d at 10. "That is not our role; we cannot construct arguments for or find support for [the] appellant's right to appeal from an interlocutory order.

---

[1] Although not determinative of our central analysis and ultimate disposition, we nevertheless caution that the case upon which MRI most relies in this section of its brief is an unpublished decision of this Court, which lacks precedential value. *See generally Pinehurst Surgical Clinic, P.A. v. Dimichele-Manes*, 227 N.C. App. 225, 741 S.E.2d 927, 2013 WL 1901710 (2013) (unpublished). *Cf. Doe*, 273 N.C. App. at 22, 848 S.E.2d at 10 (admonishing the plaintiff-appellants for "fixati[ng] on a *published* case that they believed to be controlling . . . . a mistake our Court has warned against for years" (emphasis added)).

The burden is on the appellant to do so, and [MRI] d[oes] not carry that burden here." *Id.* at 22, 848 S.E.2d at 10 (cleaned up).

Again, "outside of a few exceptions such as sovereign immunity, [an] appellant cannot rely on citation to precedent to show that an order affects a substantial right." *Id.* If there is any reasonable inference to draw from the oft-repeated proposition (upon which MRI relies) that "North Carolina appellate courts have routinely reviewed interlocutory court orders both granting and denying preliminary injunctions," *Kennedy*, 160 N.C. App. at 5, 584 S.E.2d at 331, it is *not* that appellants seeking interlocutory review of any such order may safely assume our jurisdiction.

Rather, ever cognizant of the general rules governing interlocutory appeals, the cautious reader will infer from so generalized a proposition *only* that the appellants in those "routine" cases appropriately invoked our interlocutory jurisdiction pursuant to the substantial-right test of appealability—i.e., that the appellants sufficiently demonstrated, based on the unique facts and procedural context presented, that the challenged orders affected substantial rights and would work injury to the appellants absent immediate review. *See Hanesbrands*, 369 N.C. at 219, 794 S.E.2d at 500; *Doe*, 273 N.C. App. at 21–22, 848 S.E.2d at 10. We reiterate: the *appellant* bears the burden in *every* case to "include in the statement of the grounds for appellate review an explanation of how the challenged order would . . . affect a substantial right *based on the particular facts of that case*." *Denney*, 264 N.C. App. at 19, 824 S.E.2d at 439 (emphasis added).

To be sure, MRI makes arguments in its appellate brief concerning the merits of its underlying claims and the reasonableness of the Agreement, particularly the non-compete clause. However, in its statement of the grounds for appellate review, MRI neglects to make the argument that it will prevail on the merits, or to show that it will suffer irreparable injury. Indeed, the facts belie this contention.

For example, although MRI relies in its merits argument on *Precision Walls, Inc. v. Servie*, MRI makes only general and hypothetical allegations as to the sort of trade secrets and information that Mr. Antall *might* disclose to JRS, and has made none as definite as the allegation in *Precision Walls* that "one of [the] plaintiff's subcontractors had been contacted by [the] defendant on . . . [the] defendant's first day working for [his new employer], about performing subcontract work for" his new employer. 152 N.C. App. 630, 638, 568 S.E.2d 267, 273 (2002). In fact, rather than confirming that his "position with [his new employer] was almost identical to his job with [the] plaintiff[,]" *id.*, Mr. Antall here averred that "[t]he things that [he is] doing at JRS are not the same as what [he] did at MRI, or for the same clientele." Further, Defendants' counsel argued to the trial court that Mr. Antall "doesn't have any trade secrets. He uses mathematics, which is, to my knowledge, not a trade secret." MRI makes no specific showing to the contrary in its statement of the grounds for appellate review.

Additionally, MRI asserts in its appellate brief that "MRI and JRS bid against each other constantly, aggressively, and are direct competitors in the same market."

Yet Mr. Antall stated in his affidavit that he was "unaware of any jobs that [he] bid for MRI that JRS was also bidding at the same time." Although MRI provided a "non-exhaustive list of examples" of the two companies bidding against each other, Mr. Brashear explained in his affidavit that JRS only bid on one of the listed projects, and that Mr. Antall did not work on that bid. Mr. Brashear even provided documentation showing that MRI did not bid on that particular project. Ultimately, MRI has made many accusations about Defendants' conduct, both before the trial court and this Court on appeal, but has not supported those accusations with evidence other than the assertions made in its verified complaint and by Mr. Ray in his affidavit, all of which are contradicted by Defendants.

Regardless, this Court lacks jurisdiction to review MRI's arguments when its statement of the grounds for appellate review is insufficient to invoke our interlocutory jurisdiction to reach those arguments. *See Hanesbrands*, 369 N.C. at 219–20, 794 S.E.2d at 500 (dismissing the interlocutory appeal where the appellant "appear[ed] to suggest that she may suffer some unspecified prejudice from th[e] case being tried in Business Court," but did "not explain[ ] how she would be prejudiced" or "identif[y] a specific material right that she would lose if the order [were] not reviewed before final judgment nor [did she] explain[ ] how the order in question would work injury to her if not immediately reviewed" (cleaned up)); *Doe*, 273 N.C. App. at 21, 848 S.E.2d at 10 (deeming insufficient a statement of the grounds for appellate review in an appeal claiming a substantial right based on the risk of

inconsistent verdicts, where the appellants "asserted, categorically and in a single sentence, that all the claims in this case involve the 'same facts and legal questions' concerning probable cause, without explaining how or why a jury's consideration of those facts in the various state and federal claims in this case could lead to irreconcilable results"); *Denney*, 264 N.C. App. at 19, 824 S.E.2d at 439 (dismissing for lack of jurisdiction where the crux of the appellant's arguments—that a res-judicata defense *always* creates a risk of inconsistent verdicts, obviating the need for case-by-case applications of the substantial-right test—was, "in effect, simply an assertion that [the appellant] should not be forced to endure the burden of a trial when [it] ha[s] asserted a defense on which [it] believe[s] [it] will prevail on appeal").

In essence, MRI asks us to assume—for the sake of our jurisdiction, no less— that the barebones assertions in its statement of the grounds for appellate review are self-evident and supported by the record; and yet, MRI only begins to expound upon those assertions in the merits section of its brief. This approach improperly assumes that the appellant's burden is met, and instead, places the burden upon this Court to divine the basis for the exercise of our interlocutory jurisdiction. But it is not the duty of an appellate court "to construct arguments for or find support for [an] appellant's right to appeal. Where the appellant fails to carry the burden of making such a showing to the court, the appeal will be dismissed." *Hanesbrands*, 369 N.C. at 218, 794 S.E.2d at 499 (cleaned up). Accordingly, MRI's appeal is properly dismissed.

### III. Conclusion

For the foregoing reasons, we dismiss the interlocutory appeal for lack of jurisdiction.

DISMISSED.

Judges DILLON and WOOD concur.