IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-827

Filed 7 May 2024

Forsyth County, No. 22-CVS-4398

DOUGLAS HOYT MCMILLAN, Plaintiff,

v.

JANESHA A. FAULK, individually, and SHELLY D. MCMILLAN, individually, Defendants.

Appeal by Defendants and cross-appeal by Plaintiff from orders entered 31 January and 8 February 2023 by Judge Patrick T. Nadolski in Forsyth County Superior Court. Heard in the Court of Appeals 23 January 2024.

*Morrow, Porter Vermitsky & Fowler, PLLC, by John C. Vermitsky, for Plaintiff-Appellee/Cross-Appellant.*

*Constangy, Brooks, Smith & Prophete, LLP, by William J. McMahon, IV, and Robin E. Shea, for Defendant-Appellant/Cross-Appellee Janesha A. Faulk.*

*Christopher L. Beal for Defendant-Appellant Shelly D. McMillan.*

COLLINS, Judge.

All parties appeal from an order granting in part and denying in part Defendants' motions to dismiss Plaintiff's complaint in an action stemming from a custody dispute that has spawned multiple appeals to this Court. Defendants Janesha A. Faulk ("Faulk") and Shelly D. McMillan ("Mother") argue that Plaintiff Douglas Hoyt McMillan ("Father") is collaterally estopped from asserting his claims

and, therefore, the claims should have been dismissed.[1] Father argues that the trial court erred by dismissing his claim for civil conspiracy. As the order from which the parties appeal is interlocutory, and no party has demonstrated that the order affects a substantial right, the appeals are dismissed.

## I. Background

Father and Mother met in 2007, married in 2009, and separated in 2010. Their daughter, "M,"[2] was born shortly before Father and Mother separated. M's custody arrangements have been intermittently contested since December 2010 and eventually became the subject of an appeal to this Court, which affirmed a March 2018 custody order awarding legal and primary physical custody to Mother and secondary physical custody to Father. *See McMillan v. McMillan*, 267 N.C. App. 537, 833 S.E.2d 692 (2019).

On 1 February 2018, the Forsyth County Department of Social Services ("FCDSS") began an investigation after M reported concerns about visiting Father. As part of the investigation, Faulk, a social worker with FCDSS, interviewed Mother, Father, and M, and visited Mother's and Father's homes. FCDSS also obtained authorization for a Child and Family Evaluation, from which the evaluator opined

---

[1] Mother additionally noticed appeal from the trial court's order denying her motion for reconsideration. However, Mother does not argue any error arising from that order on appeal. Accordingly, Mother's appeal from that order is deemed abandoned. *See* N.C. R. App. P. 28(a).

[2] Initials are used to protect the identity of the juvenile involved in this case. *See* N.C. R. App. P. 42(b).

that M "has chronically been subjected to conflict and disagreement between her parents," and that M's exposure to the conflict "reaches the level of emotional abuse." Faulk and an FCDSS social worker supervisor met with Mother and Father in early June 2018 to discuss the evaluation and develop an agreement to limit M's exposure to the harmful conditions. However, M reported that Father did not abide by the agreement and, in late June 2018, M's pediatrician reported to FCDSS that M was experiencing functional abdominal pain likely triggered by psychological distress.

On 3 July 2018, FCDSS filed a juvenile petition alleging that M was an abused and neglected juvenile. After hearing the parties' arguments, the juvenile court entered an order on 29 April 2019, concluding that M was an abused and neglected juvenile.[3] The juvenile court conducted permanency planning hearings on 20 November 2019, 24 February 2020, and 19 August 2020. After the August 2020 permanency planning hearing, the juvenile court terminated its jurisdiction and ordered that Mother's and Father's custodial rights shall revert to those specified in the March 2018 custody order.

On 6 April 2022, Father initiated this action by filing a complaint asserting claims for abuse of process against Faulk, malicious prosecution and negligent infliction of emotional distress against Mother, and intentional infliction of emotional distress and civil conspiracy against Faulk and Mother. Father alleged that Faulk

---

[3] Father appealed the order adjudicating M abused and neglected, which this Court affirmed. *See In re M.M.*, 272 N.C. App. 55, 845 S.E.2d 888 (2020).

and Mother worked together to undermine his relationship with M, and that Faulk acted outside the scope of her employment to assist Mother in securing custody of M.

Faulk and Mother each filed a motion to dismiss Father's claims pursuant to the doctrine of collateral estoppel and Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The trial court heard Faulk's and Mother's motions to dismiss on 5 December 2022 and entered an order on 31 January 2023, granting the motions as to Father's claim for civil conspiracy against Faulk and Mother and denying the motions as to Father's other claims. All parties appealed.

## II. Discussion

### A. Appellate Jurisdiction

The order on appeal granting in part and denying in part Defendants' motions to dismiss Plaintiff's complaint is interlocutory. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." (citation omitted)). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, an interlocutory order is immediately appealable "where the order deprives the appellant of a substantial right which would be lost without immediate review." *Whitehurst Inv. Props., LLC v. NewBridge Bank*,

MCMILLAN V. FAULK

*Opinion of the Court*

237 N.C. App. 92, 95, 764 S.E.2d 487, 489 (2014) (citations omitted). "To confer appellate jurisdiction in this circumstance, the appellant must include in its opening brief, in the statement of the grounds for appellate review, sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." *Denney v. Wardson Constr., Inc.*, 264 N.C. App. 15, 17, 824 S.E.2d 436, 438 (2019) (quotation marks and citation omitted).

For the reasons set forth below, the parties have failed to demonstrate that the challenged order affects a substantial right.

### 1. Mother's appeal

Mother argues that the trial court's failure to address the issue of collateral estoppel affects a substantial right.

"[D]enial of a motion to dismiss premised on . . . collateral estoppel does not automatically affect a substantial right[.]" *Whitehurst*, 237 N.C. App. at 95, 764 S.E.2d at 489 (emphasis and citations omitted). The party seeking review must show that "(1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists." *Id.* at 96, 764 S.E.2d at 490 (citation omitted).

Mother's brief offers no facts or argument that the same factual issues would be present in both trials or that the possibility of inconsistent verdicts exists. Thus, Mother has failed to confer appellate jurisdiction to review the trial court's order. *See Denney*, 264 N.C. App. at 17, 824 S.E.2d at 438. Accordingly, Mother's appeal is

dismissed.

## 2. *Faulk's appeal*

Faulk also argues that the trial court's order affects a substantial right based on collateral estoppel. Specifically, Faulk argues that the reasonableness of her actions has already been judicially determined, and that there is a risk of inconsistent verdicts if this case proceeds to trial because the trial court might find that Faulk acted unreasonably.

In support of her assertion, Faulk focuses on several orders that were issued during the juvenile proceedings concerning M. In those orders, the juvenile court consistently found that FCDSS "made efforts to eliminate the need for placement, reunify the child and family and to obtain timely permanence for the child[,]" and that those efforts were reasonable. Faulk argues that the juvenile court's findings apply to her individually because she acted as FCDSS' principal agent for M's case. However, the juvenile court distinguished between Faulk as an individual social worker, other FCDSS employees, and FCDSS as an organization throughout those orders. Furthermore, the juvenile court cited multiple employees' actions in its findings that FCDSS made reasonable efforts to eliminate the need for placement, reunify the child and family, and to obtain permanence for the child. Thus, the juvenile court's findings that FCDSS' efforts were reasonable cannot be read as a judicial determination that Faulk's individual actions were reasonable.

Even if the juvenile court's findings applied to Faulk individually, Faulk has

failed to show that there is a risk of inconsistent verdicts if the present case were allowed to proceed. The juvenile court's inquiry was limited to determining whether FCDSS' efforts "to eliminate the need for placement, reunify the child and family and to obtain timely permanence for the child" were reasonable; it was not tasked with evaluating whether all of Faulk's actions were reasonable while she was assigned to the case. Indeed, Father argues that his claims arise, at least in part, from Faulk acting outside the scope of her employment and from Faulk's actions after she was no longer the social worker assigned to M's case. Thus, even if this case proceeds to trial and the trial court finds that Faulk acted unreasonably, such a finding would not be inconsistent with the juvenile court's orders.

Because Faulk has failed to show that the same factual issues would be present in both trials, and that the possibility of inconsistent verdicts on those factual issues exists, Faulk has failed to show that the trial court's order affects a substantial right. *See Whitehurst*, 237 N.C. App. at 96, 764 S.E.2d at 490. Accordingly, Faulk's appeal is dismissed.

### 3. *Father's cross-appeal*

Father argues that the dismissal of his civil conspiracy claim affects a substantial right because it would "greatly affect the manner in which the trial progresses by broadening the evidence available" to him. However, Father makes no argument in support of this assertion, and this Court will not "construct arguments for or find support for appellant's right to appeal from an interlocutory order" on our

own initiative. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). Thus, Father has failed to confer appellate jurisdiction to review the trial court's order. *See Denney*, 264 N.C. App. at 17, 824 S.E.2d at 438. Accordingly, Father's cross-appeal is dismissed.

**B. Petition for Writ of Certiorari**

Father petitioned this Court to issue the writ of certiorari to review whether his civil conspiracy claim was properly dismissed. Father argues that the writ should issue in the interest of judicial economy. As none of the parties' appeals are properly before this Court, reviewing Father's appeal is not in the interest of judicial economy. Accordingly, Father's petition for writ of certiorari is denied.

## III.    Conclusion

For the foregoing reasons, no party has shown that the trial court's interlocutory order affects a substantial right. Accordingly, their appeals are dismissed.

DISMISSED.

Judges ZACHARY and MURPHY concur.