IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-103

Filed 3 December 2024

Guilford County, No. 23CVS3121

ALBERT LOPEZ and JOY LOPEZ, Plaintiffs,

v.

ADELA ARNULFO-PLATA, Defendant.

Appeal by plaintiffs from order entered 8 November 2023 by Judge Lora C. Cubbage in Guilford County Superior Court. Heard in the Court of Appeals 12 June 2024.

*McDonald Wright, LLP, by David W. McDonald, and Culbertson & Associates, by K. E. Krispen Culbertson, for plaintiffs-appellants.*

*A.G. Linett & Associates, PA, by Adam G. Linett, for defendant-appellee.*

GORE, Judge.

Plaintiffs Albert Lopez and Joy Lopez appeal from an interlocutory discovery order entered 8 November 2023 (hereinafter, "Order"), which granted defendant Adela Arnulfo-Plata's motion to compel and denied plaintiffs' motion for a protective order. Upon review, we dismiss plaintiffs' interlocutory appeal for lack of jurisdiction.

Plaintiffs initiated this action against defendant seeking damages for both plaintiffs' emotional distress, severe emotional distress, anxiety, depression, sleeplessness, and other symptoms of emotional distress allegedly caused by defendant's claim of sexual abuse made against Mr. Lopez, which resulted in his

detention for about one month before the charges were dismissed by a prosecutor in the State of Florida. Mrs. Lopez also included a cause of action in her complaint for loss of consortium—seeking damages for the loss of service, society, companionship, sexual gratification, and affection of her husband.

Defendant alleged in her second amended answer and counterclaims that she was sexually abused by Mr. Lopez (her pastor) when she was twelve years old while entrusted by her parents into plaintiffs' care for a trip to Disney World in Orlando, Florida, in July 2017. Defendant alleged in her counterclaims that plaintiffs knew Mr. Lopez had been accused of child sexual abuse by a different female victim *before* the trip to Florida in July 2017, but that plaintiffs did not warn her or her parents of this before taking her to Florida.

The parties engaged in various motions and discovery in this matter, which led to defendant filing a motion to compel on 18 October 2023. This matter came on for hearing on 28 October 2023, and the trial court entered a written Order dated 8 November 2023 compelling plaintiffs to provide discovery. The trial court ordered, as is relevant here:

> 1. The plaintiffs' motion for a protective order to limit the plaintiffs' production of medical records to solely records involving emotional distress damages is denied.
>
> 2. The defendant's motion to compel the production of five (5) years of the plaintiffs' medical records prior to the date of filing the complaint is hereby allowed.
>
> 3. The defendant's motion to compel the production of

> plaintiff Albert Lopez's criminal files is also hereby allowed.

Plaintiffs timely filed written notice of appeal from the trial court's Order later that same day.

Defendant filed a Motion to Dismiss plaintiffs' appeal as interlocutory pursuant to Rule 37 of the North Carolina Rules of Appellate Procedure. Upon review, we determine that plaintiffs' appeal must be dismissed for lack of interlocutory jurisdiction because plaintiffs have not shown, in their statement of the grounds for appellate review, that the trial court's Order affects a substantial right that will be lost absent immediate review.

As a preliminary matter, defendant asserts plaintiffs' notice of appeal is defective, and thus, fails to vest this Court with appellate jurisdiction. We disagree. Plaintiffs' timely filed notice of appeal meets all the technical requirements of Rule 3(d) of the North Carolina Rules of Appellate Procedure. *See* N.C.R. App. P. 3(d) ("Content of Notice of Appeal."). This argument is overruled.

Defendant also argues plaintiffs' failure to seek or obtain Rule 54(b) certification as a basis for their interlocutory appeal is grounds for dismissal. We disagree. "Rule 54(b) certification is effective to certify an otherwise interlocutory appeal only if the trial court has entered a final judgment with regard to a party or a claim in a case which involves multiple parties or multiple claims." *CBP Res., Inc. v. Mountaire Farms, Inc.*, 134 N.C. App. 169, 171 (1999). Rule 54(b) does not apply in

this case. And in any event, interlocutory orders "may properly be appealed, regardless of lack of certification under Rule 54(b), if they affect a 'substantial right.'" *Estrada v. Jaques*, 70 N.C. App. 627, 639 (1984) (citations omitted). Accordingly, defendant's Rule 54(b) argument lacks merit.

We now resolve defendant's remaining arguments for dismissal by assessing whether plaintiffs, as the parties taking appeal, have demonstrated that the Order appealed affects a substantial right and is subject to immediate appellate review. We determine that plaintiffs have not met their burden.

Plaintiffs acknowledge the interlocutory nature of the discovery order from which they appeal but imply this Court may properly exercise jurisdiction because the trial court's Order affects a substantial right. We disagree.

"[I]n appeals from interlocutory orders, the North Carolina Rules of Appellate Procedure require that the appellant's brief contain a 'statement of the grounds for appellate review,' which must allege 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.'" *Hanesbrands Inc. v. Fowler*, 369 N.C. 216, 219 (2016) (quoting N.C.R. App. P. 28(b)(4)). "Whether a particular ruling affects a substantial right must be determined on a case-by-case basis." *Doe v. City of Charlotte*, 273 N.C. App. 10, 22 (2020) (cleaned up).

> Consequently, outside of a few exceptions such as sovereign immunity, the appellant cannot rely on citation to precedent to show that an order affects a substantial right.

> Instead, the appellant must explain, in the statement of the grounds for appellate review, why the facts of that particular case demonstrate that the challenged order affects a substantial right.

*Id.* (cleaned up). "Importantly, this Court will not construct arguments for or find support for appellant's right to appeal from an interlocutory order on our own initiative[;] [t]hat burden falls solely on the appellant." *Denney v. Wardson Constr., LLC*, 264 N.C. App. 15, 17 (2019) (cleaned up). "[I]f the appellant's opening brief fails to explain why the challenged order affects a substantial right, we must dismiss the appeal for lack of appellate jurisdiction." *Id.*

Here, plaintiffs assert in their "statement of the grounds for review" that the Order appealed compels plaintiffs to produce "two *classes of information* which are *privileged*[:]" (i) "medical records[,]" which they allege are "unrelated to plaintiffs' emotional distress" claims; and (ii) "all documents received" by plaintiff Mr. Lopez's "criminal counsel from the District Attorney in discovery . . . during the pendency of criminal proceedings" against Mr. Lopez. Plaintiffs do not specify which statutory privilege applies, to which records, for what reason—nor do they otherwise offer any "clear and articulable demonstration of the factual basis underlying [their] asserted substantial right . . . ." *Mecklenburg Roofing, Inc. v. Antall*, 895 S.E.2d 877, 880 (N.C. Ct. App. 2023). While physician-patient privilege, attorney-client privilege, and work-product doctrine may be implied here, we emphasize that plaintiffs "ask[ ] us to assume—for the sake of our jurisdiction, no less—that the barebones assertions in its

statement of the grounds for appellate review are self-evident and supported by the record[.]" *Id.* at 882.

"An order compelling discovery is interlocutory in nature and is usually not immediately appealable because such orders generally do not affect a substantial right." *Sessions v. Sloane*, 248 N.C. App. 370, 380 (2016) (citing *Sharpe v. Worland*, 351 N.C. 159, 163 (1999)). When "a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, *and the assertion of such privilege is not otherwise frivolous or insubstantial*, the challenged order affects a substantial right . . . ." *Sharpe*, 351 N.C. at 166 (emphasis added). This Court has previously applied "the reasoning of *Sharpe* to include attorney-client privilege, the work product doctrine," *Sessions*, 248 N.C. App. at 380, and physician-patient privilege, *Midkiff v. Compton*, 204 N.C. App. 21, 24 (2010). We do not, however, read *Sharpe* "as opening the door to appellate review of every contested discovery order in which [a statutory] privilege is simply asserted, without more." *Stevenson v. Joyner*, 148 N.C. App. 261, 264 (2002).

"If the assertion of privilege is not 'frivolous or insubstantial' then a substantial right is affected and the order compelling discovery is immediately appealable." *Sessions*, 248 N.C. App. at 381. "Blanket assertions that production is not required due to a privilege or immunity are insufficient to demonstrate the existence of a substantial right." *Crosmun v. Trs. of Fayetteville Tech. Cmty. Coll.*, 266 N.C. App. 424, 433 (2019) (citation omitted); *see also K2 Asia Ventures v. Trota*, 215 N.C. App.

443, 447 (2011). "Although objections made and established on a document-by-document basis are *sufficient* to assert a privilege, they are not the exclusive means of demonstrating the loss of a substantial right and the appealable nature of a discovery order." *Crosmun*, 266 N.C. App. at 433 (cleaned up). Ultimately, "[w]e base our determination on whether [plaintiffs] have *legitimately asserted* the loss of a privilege or immunity absent immediate appeal." *Id.* Plaintiffs "must present more than a bare assertion that the order affects a substantial right; they must demonstrate *why* the order affects a substantial right." *Hoke Cnty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277–78 (2009).

Here, plaintiffs have not *legitimately asserted* the loss of statutory privilege absent immediate appeal. Plaintiffs "[i]mproperly and disproportionately rel[y] upon vague, conclusory statements and prior cases to demonstrate that the challenged order affects a substantial right. Such assertions are ineffective to invoke our appellate jurisdiction, absent the requisite factual or evidentiary support." *Mecklenburg Roofing*, 895 S.E.2d at 880–81. Plaintiffs shift their burden to this Court—a task that we refuse. *See Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380 (1994) ("It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order[.]"). Plaintiffs' "misguided fixation on existing caselaw—at the expense of any context that might aid in our consideration of [their] interlocutory appeal—is compounded by another fatal shortcoming: [plaintiffs'] failure to demonstrate that the [O]rder will work injury

to [plaintiffs] if not corrected before appeal from final judgment." *Mecklenburg Roofing*, 895 S.E.2d at 880 (cleaned up).

We dismiss plaintiffs' interlocutory appeal for lack of jurisdiction. Plaintiffs' statement of the grounds for appellate review is insufficient to establish that the challenged order affects a substantial right.

DISMISSED.

Chief Judge DILLON and Judge THOMPSON concur.