An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-683

Filed 17 December 2025

Wake County, No. 23CV004711-910

GEORGE C. VENTERS and wife
NICKYE Y. VENTERS; GREG
LINCOLN PIERCE and wife AMY J.
PIERCE; JOHN SOLIC and wife
SAMANTHA SOLIC; Plaintiffs,

v.

CITY OF RALEIGH, a body politic
and corporate; 908 WILLIAMSON,
LLC, a North Carolina limited
liability company; RDU
CONSULTING, PLLC,
a North Carolina limited liability company;
and CONCEPT 8, LLC, a North Carolina
limited liability company; Defendants.

Appeal by Plaintiffs from order entered 28 March 2024 by Judge Patrick T. Nadolski in Wake County Superior Court. Heard in the Court of Appeals 10 June 2025.

> *Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Craig D. Justus, and Millberg, Gordon, & Stewart PLLC, by Francis J. Gordon, for Plaintiffs-Appellants.*

> *Longleaf Law Partners, by Jennifer G. Ashton and Benjamin L. Worley, for Defendants-Appellees 908 Williamson, LLC, et al.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP, by Robin L Tatum and Catherine H. Hill, and Fox Rothschild LLP, by Kip D. Nelson, for Defendant-Appellee City of Raleigh*

CARPENTER, Judge.

George C. Venters, Nickye Venters, Greg Lincoln Pierce, Amy J. Pierce, John Solic, and Samantha Solic (collectively, "Plaintiffs") appeal from the trial court's 28 March 2024 order (the "Order") granting the motion to dismiss filed by 908 Williamson, LLC; RDU Consulting, PLLC; and Concept 8, LLC (collectively "Defendant-Developers"). On appeal, Plaintiffs argue the trial court erred by granting Defendant-Developers' motion to dismiss. After careful review, we dismiss Plaintiffs' appeal as interlocutory.

## I. Factual & Procedural Background

Beginning in July 2021, the City of Raleigh, North Carolina ("Defendant-City") adopted several amendments (the "Missing Middle Ordinances") to its Unified Development Ordinance ("UDO"). The purported purpose of the Missing Middle Ordinances was to increase housing options for Raleigh residents by expanding building types and removing per-acre density restrictions in most residential districts. On 30 December 2022, Defendant-City approved a townhouse development project (the "Townhouse Project") submitted by Defendant-Developers on 21 June 2022. A parcel of land in the Hayes Barton neighborhood, 908 Williamson Drive, is the Townhouse Project site. The parcel is situated in a R-4 district and is 2.4 acres.

The Townhouse Project included demolishing the single-family home located on the parcel and constructing seventeen townhomes in its place—a permissible project under the Missing Middle Ordinances.

Plaintiffs, who own real property in the Hayes Barton neighborhood, objected to the Townhouse Project and filed an action against Defendant-City and Defendant-Developers on 2 March 2023. On 8 May 2023 and 10 May 2023, Defendant-City and Defendant-Developers filed motions to dismiss. On 23 August 2023, Plaintiffs filed an amended complaint (the "Complaint").

Plaintiffs asserted four claims for relief in their Complaint. First, Plaintiffs sought a declaration that the Missing Middle Ordinances were illegally enacted. In support of their request, Plaintiffs alleged the Missing Middle Ordinances were map amendments, not text amendments, and that the notices provided by Defendant-City were insufficient as a matter of law, rendering the Missing Middle Ordinances invalid. Second, Plaintiffs asserted a due process violation against Defendant-City for failure to provide adequate notice. Next, Plaintiffs sought a declaration that one of the Missing Middle Ordinances was invalid because it subjected properties within R-4, R-6, and R-10 districts to regulations that are not uniform. Finally, Plaintiffs requested a permanent injunction, asserting in relevant part, that:

> Plaintiffs will be irreparably harmed if the [Townhouse] Project, which was purportedly authorized by the illegal [Missing Middle Ordinances] complained of above, is allowed to proceed. The Plaintiffs had earlier notified the Defendants of the illegality of their actions and requested

> of them that the Project cease, but to no avail. The Plaintiffs have no adequate remedy at law to enforce their rights pertaining to the development regulations in dispute in this case and equitable relief must be afforded to them to enjoin further application of the [Missing Middle Ordinances] as well as the [Townhouse] Project being further developed pursuant to the December 22 Approval, which was given in reliance upon the illegally enacted zoning ordinances.

On 21 September 2023, Defendant-City and Defendant-Developers filed motions to dismiss. On 9 and 12 October 2023, Defendant-City and Defendant-Developers filed amended motions to dismiss. On 28 March 2024, following a hearing, the trial court denied Defendant-City's motion to dismiss and granted Defendant-Developers' motion to dismiss with prejudice. On 29 April 2024, Plaintiffs filed written notice of appeal from the trial court's order granting Defendant-Developers' motion to dismiss. On 4 November 2024, Defendant-City filed a petition for writ of certiorari ("PWC") requesting this Court review the trial court's order denying its motion to dismiss in the event we reach the merits of Plaintiffs' appeal.

## II. Jurisdiction

As a threshold matter, we consider our jurisdiction to review Plaintiffs' appeal. "In most instances, a party has 'no right of immediate appeal from interlocutory orders and judgments.'" *Bartels v. Franklin Operations, LLC*, 288 N.C. App. 193, 195, 885 S.E.2d 357, 359 (2023) (quoting *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990)). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the

trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950).

Interlocutory orders may be immediately appealable in two circumstances. *See Ayala v. Perry*, 298 N.C. App. 134, 138, 913 S.E.2d 271, 275–76 (2025). "First, interlocutory orders are 'immediately appealable if the order represents a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment.'" *Id.* at 138, 913 S.E.2d at 275 (quoting *Pentecostal Pilgrims & Strangers Corp. v. Connor*, 202 N.C. App. 128, 132, 688 S.E.2d 81, 84 (2010)); *see* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2023). Second, interlocutory orders are immediately appealable "when the challenged order affects a substantial right." *Denney v. Wardson Constr., Inc.*, 264 N.C. App. 15, 17, 824 S.E.2d 436, 438 (2019); *see* N.C. Gen. Stat. § 7A-27(b)(3)(a) (2023). "A substantial right is a legal right affecting or involving a matter of substance as distinguished from matters of form; a right materially affecting those interests which a [party] is entitled to have preserved and protected by law: a material right." *Pentecostal*, 202 N.C. App. at 132, 699 S.E.2d at 84 (internal quotation marks and citation omitted). "The extent to which an interlocutory order affects a substantial right must be determined on a case-by-case basis." *Hamilton v. Mortg. Info. Servs., Inc.*, 212 N.C. App. 73, 78, 711 S.E.2d 185, 189 (2011) (citing *McCallum v. N.C. Coop. Extension Serv.*, 142 N.C. App. 48, 50, 542 S.E.2d 227, 231 (2001)).

Here, Plaintiffs concede the order granting Defendant-Developers' motion to

dismiss is interlocutory because it did not "dispose of the case." *See Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. Indeed, the trial court denied Defendant-City's motion to dismiss, leaving Plaintiffs' claims against Defendant-City intact at this juncture. The trial court did not certify for immediate review its order granting Defendant-Developers' motion to dismiss, therefore, it is Plaintiffs' burden to demonstrate a substantial right. *See Ayala*, 298 N.C. App. at 140, 913 S.E.2d at 277 (citing *Doe v. City of Charlotte*, 273 N.C. App. 10, 22, 848 S.E.2d 1, 10 (2020)).

Plaintiffs assert their appeal satisfies the substantial right exception due to the risk of inconsistent verdicts involving identical issues in separate trials because Defendant-Developers and Defendant-City "are or were subject to the same claims for declaratory and injunctive relief and were therefore exposed to the same legal and factual issues that would flow from adjudication of those claims." We disagree.

A challenged order or judgment which creates "a risk of 'inconsistent verdicts,' meaning 'a risk that different fact-finders would reach irreconcilable results when examining the same factual issues a second time[,]'" may entitle a party to immediate appellate review under a substantial right theory. *Doe*, 273 N.C. App. at 21, 848 S.E.2d at 10 (quoting *Denney*, 264 N.C. App. at 19, 824 S.E.2d at 439). But "a party's preference for having all related claims determined during the course of a single proceeding does not rise to the level of a substantial right." *Hamilton*, 212 N.C. App. at 79, 711 S.E.2d at 190. While a party has " 'the substantial right to avoid two separate trials of the same issues . . . avoiding separate trials of *different* issues is not

a substantial right.' " *Id.* at 79, 711 S.E.2d at 190 (emphasis added) (quoting *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 7, 362 S.E.2d 812, 816 (1987)). "Issues are the 'same' if the facts relevant to their resolution overlap in such a way as to create a risk that separate litigation of those issues might result in inconsistent verdicts." *Id.* at 79, 711 S.E.2d at 190 (citation omitted). Ultimately, we "evaluate the specific proof required to litigate each claim in order to determine whether inconsistent verdicts might result in the event that we refrained from considering [a party's] appeal on the merits at this time." *Id.* at 81, 711 S.E.2d at 191; *see Davidson v. Knauff Ins. Agency, Inc.*, 93 N.C. App. 20, 25, 376 S.E.2d 488, 491 (1989) (explaining that "when common fact issues overlap the claim appealed and any remaining claims, delaying the appeal until all claims have been adjudicated creates the possibility the appellant will undergo a second trial of the same fact issues if the appeal is eventually successful").

First, we examine the Complaint to identify the "claims" involved. *See Hamilton*, 212 N.C. App. at 81, 711 S.E.2d at 191. "[A] claim is a pattern of allegations that may, or may not, support a cause of action." *Epcon Homestead, LLC v. Town of Chapel Hill*, 294 N.C. App. 653, 657, 905 S.E.2d 83, 87 (2024) (citing *St. Augustine School v. Underly*, 78 F.4th 349, 352 (7th Cir. 2023)). A cause of action, on the other hand, is the legal theory, or the " 'vehicle for pursuing a claim.' " *Id.* at 657, 905 S.E.2d at 87 (quoting *St. Augustine School*, 78 F.4th at 352)). The legal theory " 'may be based on any type of legal source, whether a constitution, statute, precedent

or administrative law . . . [and] dictates what the [party] needs to prove to prevail on a claim and what relief may be available.' " *Id.* at 657, 905 S.E.2d at 87 (quoting *St. Augustine School*, 78 F.4th at 352)). Put simply, claims support legal theories. *Id.* at 657, 905 S.E.2d at 87 (citing *St. Augustine School*, 78 F.4th at 352)). Legal theories, or causes of action, may entitle a party to a variety of remedies, depending upon the particular theory asserted. *Id.* at 657, 905 S.E.2d at 87 (citing *St. Augustine School*, 78 F.4th at 352)).

A request for declaratory judgment, however, does not fit neatly in this formula. A request for declaratory judgment initiates a civil action authorized by statute whereby a court may "declare rights, status, and other legal relations, whether or not further relief is or could be claimed." N.C. Gen. Stat. § 1-253 (2023); *see Jernigan v. State*, 279 N.C. 556, 560, 184 S.E.2d 259, 263 (1971) (explaining a declaratory judgment is a "civil remedy"). "[A]n actual controversy" must exist between the parties, but the requesting party is "not required to allege or prove that a traditional cause of action exists . . . ." *Goldston v. State*, 361 N.C. 26, 33, 637 S.E.2d 876, 881 (2006) (internal quotation marks and citation omitted). As such, a declaratory judgment encompasses both the vehicle for which a party may pursue relief, and the relief itself. *See id.* at 33, 637 S.E.2d at 881 (internal quotation marks and citation omitted); *Epcon Homestead, LLC*, 294 N.C. App. at 657, 905 S.E.2d at 87. But a permanent injunction is strictly a remedy, available after a determination on the merits, not an independent cause of action. *See Revelle v. Chamblee*, 168 N.C.

App. 227, 230, 606 S.E.2d 712, 714 (2005). Injunctive relief is often requested in conjunction with a declaratory judgment action. *See* N.C. Gen. Stat. § 1-259 (2023) ("Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper.").

Typically there is "no harm in using [the terms] 'claim' and 'cause of action' interchangeably." *Epcon Homestead, LLC*, 294 N.C. App. at 659, 905 S.E.2d at 89. However, in this context the distinction is material because we must determine whether separate litigation of the "claims" against Defendant-City and the "claims" against Defendant-Developers poses a risk of inconsistent verdicts. *See Hamilton*, 212 N.C. App. at 81, 711 S.E.2d at 191. In our view, it does not.

In the Complaint, Plaintiffs: (1) requested a declaration that the Missing Middle Ordinances were illegally enacted by Defendant-City; (2) asserted a due process violation against Defendant City; (3) requested a declaration that one of the Missing Middle Ordinances adopted by Defendant-City was invalid; and (4) sought a permanent injunction requiring that Defendant-City adopt a resolution withdrawing or striking the Missing Middle Ordinances in their entirety and that Defendant-Developers cease development of the Townhouse Project.

Each of Plaintiffs' causes of action, including their two requests for declaratory judgment and the alleged due process violation, are supported by one claim: Defendant-City's adoption of the Missing Middle Ordinances was improper. This claim is the basis for the actual controversy giving rise to the declarations and the

alleged due process violation—all of which exclusively concern Defendant-City. In turn, success on one or more of these causes of action may entitle Plaintiffs to declaratory or injunctive relief. Thus, the remedy sought against Defendant-Developers in this case is wholly dependent upon the claim and causes of action asserted against Defendant-City.

The factual issue to be determined on the "remaining claim" before the trial court is the validity of the Missing Middle Ordinances. *See Davidson*, 93 N.C. App. at 25, 376 S.E.2d at 491. Given the "remaining claim" exclusively concerns Defendant-City, separate litigation of the "claims" involved would not pose a risk of inconsistent verdicts as only one claim, involving one defendant, exists. *See Hamilton*, 212 N.C. App. at 81, 711 S.E.2d at 191. Rather, the inverse appears to be true. A determination on the underlying claim would resolve the dispute, leaving nothing to be judicially determined between the parties aside from Plaintiffs' entitlement to a permanent injunction against Defendant-Developers, which is a remedy. *See Revelle*, 168 N.C. App. at 230, 606 S.E.2d at 714.

In sum, Defendant-Developers are involved in Plaintiffs' action by virtue of the remedy sought against them. Resolution of the "remaining claim" may positively or negatively impact Plaintiffs' ability to obtain an injunction against Defendant-Developers. But there does not appear to be any circumstance in which the same factual issues will be examined a second time, as the validity of the Missing Middle Ordinances does not implicate Defendant-Developers. *See Denney*, 264 N.C. App. at

19, 824 S.E.2d at 439. Thus, Plaintiffs have not established that awaiting an appealable, final judgment will create a risk of inconsistent verdicts. *See Hamilton*, 212 N.C. App. at 81, 711 S.E.2d at 191.

It may have been convenient for Plaintiffs to obtain an injunction halting the Townhouse Project at the same time the factual issues between Plaintiffs and Defendant-City were resolved. Nevertheless, convenience of litigation is not a substantial right. Accordingly, Plaintiffs have not established a substantial right and we dismiss their appeal as interlocutory. Because we do not reach the merits of Plaintiffs' appeal, we dismiss Defendant-City's PWC as moot.

### III. Conclusion

The trial court's order granting Defendant-Developers' motion to dismiss is interlocutory and Plaintiffs have not demonstrated a substantial right. Therefore, we dismiss Plaintiffs appeal for lack of jurisdiction.

DISMISSED.

Chief Judge DILLON and Judge MURRY concur.

Report per Rule 30(e).