THOMAS M. URQUHART, JR., ADMINISTRATOR OF THE ESTATE OF BETSEY ALLEN DERR URQUHART, PLAINTIFF v. UNIVERSITY HEALTH SYSTEMS OF EAST CAROLINA, INC. (D/B/A PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED), VINCENT SORRELL, M.D., WILLIAM C. REEVES, M.D., PATRICK J. DiGIACOMO, M.D., JULIA A. NELSON, M.D., "JOHN OR JANE DOE" LEWIS, M.D. (AN ON-CALL PHYSICIAN AT THE PITT COUNTY MEMORIAL HOSPITAL ON MAY 30-31, 1998, RESPONSIBLE FOR THE CARE OF PLAINTIFF'S DECEDENT), NICOLE H. BRAXTON, ELIZABETH GIBBS, AND LEAH RODRIGUEZ, DEFENDANTS

No. COA01-1229

(Filed 16 July 2002)

**Immunity— sovereign—medical school employees**

The trial court erred by dismissing a wrongful death action against employees of East Carolina School of Medicine who claimed sovereign immunity as employees of the State of North Carolina. There is nothing in the complaint suggesting that defendants were sued in their official capacity.

Appeal by plaintiff from order and judgment filed 29 May 2001 by Judge W. Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 11 June 2002.

*Ferguson, Stein, Chambers, Wallas, Adkins, Gresham & Sumter, by Adam Stein and William Simpson, for plaintiff appellant.*

*Herrin & Morano, by Mark R. Morano, for defendant-appellees Vincent L. Sorrell, M.D. and William C. Reeves, M.D.*

**URQUHART v. UNIVERSITY HEALTH SYS.**

[151 N.C. App. 590 (2002)]

GREENE, Judge.

Thomas M. Urquhart, Jr. (Plaintiff) appeals an order filed 29 May 2001 granting summary judgment in favor of William C. Reeves, M.D.[1] (Dr. Reeves) and Vincent L. Sorrell, M.D. (Dr. Sorrell) (collectively, Defendants).

Plaintiff, the administrator of the estate of Betsey Allen Derr Urquhart (Urquhart) who died on 31 May 1998, commenced this wrongful death action on 27 September 2000. The suit names as defendants: University Health Systems of East Carolina, Inc. (Health Systems), ECU Cardiology Practice (the Practice), Dr. Reeves, Dr. Sorrell, and several other doctors and nurses. The complaint alleges in pertinent part that: (1) Health Systems "is an entity organized and existing pursuant to the laws of the State of North Carolina . . . and operates a general hospital in Greenville, Pitt County, North Carolina"; (2) the Practice "is a North Carolina business . . . hold[ing] itself out to the general public as offering medical services in the speciality of cardiology"; (3) Drs. Sorrell and Reeves are "medical doctor[s] who . . . held [themselves] out to the general public as [] medical physician[s]," were "employee[s] or agent[s] of [the Practice and Health Systems], and [were] acting within the course and scope of that employment"; and (4) all the defendants were negligent in providing medical care to Urquhart. Plaintiff, in his prayer for relief, prays that he "have and recover against the defendants, jointly and severally, for the wrongful death of . . . Urquhart" compensatory and punitive damages. On 30 April 2001, Plaintiff filed a notice of voluntary dismissal as to the Practice.

Defendants filed a motion for summary judgment on 30 April 2001 claiming Plaintiff was suing them in their official rather than individual capacity and consequently the action against them must be dismissed based on sovereign immunity. This motion was accompanied by affidavits from Defendants affirming they were employees of the East Carolina University School of Medicine, to which the Practice belongs, and as such, were employees of the State of North Carolina. The trial court granted this motion in an order filed 29 May 2001 and dismissed the claims against Defendants.

---

1. On 11 July 2002, this Court allowed Plaintiff's motion to substitute Micah D. Ball, Executor of the Estate of William C. Reeves, for Dr. Reeves.

URQUHART v. UNIVERSITY HEALTH SYS.

[151 N.C. App. 590 (2002)]

The dispositive issue is whether Plaintiff sued Defendants in their official rather than individual capacity.[2]

As a general proposition, public employees or public officials are entitled to sovereign immunity with respect to their actions in the performance of governmental duties. *See Meyer v. Walls*, 347 N.C. 97, 111-12, 489 S.E.2d 880, 888 (1997). In some instances, however, they may be held individually liable for their actions. *Id.* Thus, it is critical to know whether a complaint asserts claims against a defendant in his official or individual capacity. If the complaint is unclear on this issue, our courts will look to the caption of the case, the allegations of the complaint, and the prayer for relief to ascertain the capacity in which the defendant has been sued. *Warren v. Guilford County*, 129 N.C. App. 836, 839, 500 S.E.2d 470, 472, *disc. review denied*, 349 N.C. 241, 516 S.E.2d 610 (1998); *see Mullis v. Sechrest*, 347 N.C. 548, 552, 495 S.E.2d 721, 723 (1998) (need to determine capacity under which the defendant has been sued only if the complaint is "not clear[]").

In this case, there is nothing in the complaint suggesting Plaintiff has sued Defendants in their official capacity. It thus follows they have been sued in their individual capacity and the trial court erred in dismissing the complaint against Defendants. In so holding, we determine the affidavits offered by Defendants asserting they are employees of the East Carolina University School of Medicine and, as such, are employees of the State of North Carolina, are not relevant to the question of whether they have been sued in their individual or official capacity. Thus, to the extent the trial court may have considered those affidavits, it erred.[3]

---

2. While Plaintiff's appeal is interlocutory, it is nevertheless immediately appealable because it affects a substantial right. *See Johnson v. York*, 134 N.C. App. 332, 335, 517 S.E.2d 670, 671-72 (1999).

3. In this case, the single allegation in Plaintiff's complaint is that Defendants were negligent. Had Defendants asserted in their affidavits they were public officials, that information could be used to defeat Plaintiff's claim because public officials are immune from individual liability unless their actions were corrupt, malicious, or outside the scope of their employment. *Meyer*, 347 N.C. at 112, 489 S.E.2d at 888; *Epps v. Duke Univ.*, 122 N.C. App. 198, 205, 468 S.E.2d 846, 852 (the defendant can contest the plaintiff's allegation that actions were corrupt, malicious, or outside the scope of employment by asserting immunity as an affirmative defense), *disc. review denied*, 344 N.C. 436, 476 S.E.2d 115 (1996); *Locus v. Fayetteville State Univ.*, 102 N.C. App. 522, 526, 402 S.E.2d 862, 865 (1991) (claim against public official in his individual capacity subject to dismissal under Rule 12(b) unless complaint alleges action was either corrupt, malicious, or outside the scope of his employment). Because, however, Defendants claim they were public employees, they have no immunity for their negligent acts in a claim against them in their individual capacity. *Meyer*, 347 N.C. at 111, 489 S.E.2d at 888.

Reversed and remanded.

Judges HUNTER and McCULLOUGH concur.