MARTHA C. ODOM, as Guardian Ad Litem for TIMOTHY DUSTIN HONEYCUTT, a
MINOR, Plaintiff v. CHRISTOPHER LANE, M.D., ANSON REGIONAL MEDICAL
SERVICES, INC., f/k/a MORVEN AREA MEDICAL CENTER, INC. and/or Mid-
Carolinas Medical Center, and CAROLINAS-ANSON HEALTHCARE, INC., d/b/a
Anson Community Hospital, Defendants

No. COA02-1759

(Filed 2 December 2003)

## Immunity— governmental—public hospital—proprietary function

The trial court erred in a medical malpractice case by grant-
ing summary judgment for defendant hospital based on govern-
mental immunity, because the operation of a public hospital is
not one of the traditional services rendered by local governmen-
tal units and is a proprietary function.

Appeal by plaintiff from judgment entered 9 September 2002 by
Judge Albert Diaz in the Superior Court in Mecklenburg County.
Heard in the Court of Appeals 8 October 2003.

*Ferguson, Stein, Chambers, Wallas, Adkins, Gresham &
Sumpter, by William Simpson, for plaintiff-appellant.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Harvey L. Cosper,
Jr. and John E. Grupp, for defendant-appellees.*

HUDSON, Judge.

Plaintiff filed a medical malpractice claim against defendants
on 16 April 2001 alleging that their negligence during his birth left
him with permanent injuries. Defendant Carolinas-Anson Health-
care, d/b/a Anson Community Hospital, moved for summary
judgment on the basis of governmental immunity. The trial court
granted that motion by order and judgment filed 9 September 2002.
Plaintiff appeals.

Plaintiff Timothy Dustin Honeycutt was born at Anson County
Hospital on 10 July 1986. Plaintiff alleges that negligence on the part
of the hospital's staff during his birth caused him serious permanent
injuries. At the time of plaintiff's birth, the hospital was owned and
operated by Anson County as a public, non-profit hospital. Defendant
Carolinas-Anson Community Hospital ("the hospital") acquired the
assets and liabilities of Anson County Hospital by an agreement dated

26 November 1997. The hospital moved for summary judgment based on governmental immunity, and, after a hearing, the trial court granted the motion and dismissed with prejudice claims against the hospital. For the reasons discussed below, we reverse.

Claims against the other defendants in the underlying case are pending. Following its entry of summary judgment for defendant hospital, the court authorized an immediate appeal and stayed all other proceedings. "The final dismissal of a claim under summary judgment involves a substantial right from which a plaintiff has an immediate right of appeal." *Tinch v. Video Indus. Servs.*, 347 N.C. 380, 382, 493 S.E.2d 426, 428 (1997). In addition, this Court has held that an order allowing summary judgment on grounds of governmental immunity for one of several defendants affected a substantial right. *Urquhart v. University Health Systems of East Carolina, Inc.*, 151 N.C. App. 590, 592 n.2, 566 S.E.2d 143, 145 n.2 (2002). Thus, this appeal is properly before this Court.

Under the doctrine of governmental immunity, "the State cannot be sued except with its consent or upon its waiver of immunity." *Whitfield v. Gilchrist*, 348 N.C. 39, 42, 497 S.E.2d 412, 414 (1998). "The counties are recognizable units that collectively make up our state, and are thus entitled to sovereign immunity under North Carolina law" unless they waive immunity or otherwise consent to be sued. *Archer v. Rockingham Cty.*, 144 N.C. App. 550, 553, 548 S.E.2d 788, 790 (2001), *disc. rev. denied*, 355 N.C. 210, 559 S.E.2d 796 (2002). Plaintiffs argue that the hospital is not covered by any immunity the county might have. The defendants disagree, contending that the trial court properly dismissed the claim on grounds of immunity, because the hospital was engaged in a governmental, rather than proprietary, function. Thus, the sole issue before us is whether the county-owned hospital enjoyed governmental immunity from the suit.

Our Supreme Court answered this question decisively over a quarter-century ago in *Sides v. Cabarrus Memorial Hospital, Inc.*, 287 N.C. 14, 213 S.E.2d 297 (1975). The Court undertook an exhaustive analysis of factors that might be considered, and determined that the dispositive question is whether the entity performs services historically engaged in by government, rather than those ordinarily engaged in by private corporations. *Id.* at 23, 213 S.E.2d at 303. Following this analysis, the Court held that:

> It seems clear to us that the operation of a public hospital is not one of the "traditional" services rendered by local governmental

units. Accordingly, for this reason, and for the reasons herein-before stated, we hold that the construction, maintenance and operation of a public hospital by either a city or a county is a proprietary function. Hence, such hospitals, just like any other corporate employer, are liable in tort for the negligent acts of their employees committed within the course and scope of their employment.

*Id. at* 25-6, 213 S.E.2d at 304.

The instant case is not distinguishable from *Sides* in any meaningful aspect. Anson County Hospital was owned and operated by Anson County when plaintiff was born there. Because its operation was a proprietary function pursuant to *Sides*, it did not enjoy governmental immunity for tort claims against it. Defendant acquired the assets and liabilities of Anson County Hospital by agreement, including any liability it might have for injuries to plaintiff. Thus, we conclude that the trial court erred in granting summary judgment for the hospital on the basis of governmental immunity.

Reversed.

Judges TIMMONS-GOODSON and ELMORE concur.