IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-251

Filed 19 March 2025

Wake County, No. 23 CVS 1154

VANESSA AGUILAR AYALA, MARWA
SAAD EL METWALLY, KAREEMELDIN
ELAZAB, SHARY MARGARITA LEDESMA,
PATIENCE IMONI LYNCH, YAQUELIN
ESTELA MEDINA, RUBEN MEDINA, ERIKA
MARIVEL MEJIA, DESTINY SAMUEL,
KRISTIN M. ZEDEK and CARLOS ALVAREZ,
on behalf of themselves and others similarly situated, Plaintiffs,
                v.

JAMES OTIS PERRY and
WAKE COUNTY, NORTH CAROLINA, Defendants.


        Appeal by Plaintiffs from order entered 5 September 2023 by Judge Claire V.

Hill in Wake County Superior Court.  Heard in the Court of Appeals 11 September

2024.


        *Edwards Beightol, LLC, by J. Bryan Boyd, Catharine E. Edwards, and Kristen
        L. Beightol, for Plaintiffs-Appellants.*

        *Wake County Attorney's Office by Roger A. Askew, Jennifer M. Jones, and Macy
        B. Fisher; Poyner Spruill LLP by J. Nicholas Ellis and Sydney P. Davis; and
        Cranfill Sumner LLP, by Patrick H. Flanagan, for Defendants-Appellees.*


        CARPENTER, Judge.


        Vanessa Aguilar Ayala, Marwa Saad El Metwally, Kareemeldin Elazab, Shary

Margarita Ledesma, Patience Imoni Lynch, Yaquelin Estela Medina, Ruben Medina,

Erika Marivel Mejia, Destiny Samuel, Kristin M. Zedek, and Carlos Alvarez, on behalf of themselves and others similarly situated (collectively, "Plaintiffs") appeal from an order (the "Order") entered on 5 September 2023, granting the motion to dismiss filed by Wake County, North Carolina ("Defendant-County"). On appeal, Plaintiffs argue that the trial court erred by dismissing their claims against Defendant-County under Rules 12(b)(2) and 12(b)(6) because governmental immunity did not apply, and the trial court had personal jurisdiction over Defendant-County. After careful review, we dismiss Plaintiffs' appeal as interlocutory.

## I. Factual and Procedural Background

This appeal arises from a class-action lawsuit commenced against two defendants: James Otis Perry ("Defendant-Perry") and Defendant-County. The record on appeal tends to show the following. Defendant-Perry was working as a certified nurse assistant ("CNA") in two prenatal clinics: the Millbrook Clinic, located at 2809 Millbrook Road, and the Sunnybrook Clinic, located at 10 Sunnybrook Road, both in Raleigh, North Carolina (collectively, "the Clinics"). Defendant-County owns and operates the Clinics through its Department of Health and Human Services. The Clinics serve Wake County by offering health care services and education programs for pregnant women, including physical exams such as Pap smears, breast exams, and ultrasounds.

Sometime in September 2021, a female employee found a cell phone left in an exam room at the Sunnybrook Clinic. In an effort to identify the phone's owner, the

employee tapped the screen and saw what appeared to be a livestream video of the Sunnybrook Clinic women's bathroom. Once she confirmed that the video was a livestream video of the women's bathroom, the Sunnybrook employees contacted the police.

On or about 13 September 2021, Defendant-Perry was arrested for several crimes relating to his conduct of placing cameras in the women's bathroom "for the purpose of arousing or gratifying the sexual desire . . . with the intent to capture the image of another without their consent." On 7 November 2022, following a police investigation, a Wake County grand jury indicted Defendant-Perry for forty counts of felony secret peeping as well as multiple counts of second-degree and third-degree sexual exploitation of a minor. On 17 January 2023, Defendant-Perry pled guilty to one count of installing or using a photo device, eighteen counts of felony secret peeping, and three counts of second-degree exploitation of a minor.

Thereafter, on 26 January 2023, Vanessa Aguilar Ayala, Marwa Saad El Metwally, Shary Margarita Ledesma, Patience Imoni Lynch, Yaquelin Estela Medina, Erika Marivel Mejia, Destiny Samuel, and Kristin M. Zedek, women who visited one or both of the clinics as patients, (the "Patient Class Representatives") and their spouses, Kareemeldin Elazab, Ruben Medina, and Carlos Alvarez, (the "Spouse Class Representatives") filed a class-action lawsuit on behalf of themselves and others similarly situated against Defendant-Perry and Defendant-County. The Proposed Patient Class (the "Patient Class"), through the Patient Class

Representatives, included "all persons who were secretly recorded by [Defendant-Perry] at any time during visits related to medical care [at] the Sunnybrook Clinic and/or Millbrook Clinic." The Proposed Spouse Class (the "Spouse Class"), through the Spouse Class Representatives, included "all persons whose spouse was secretly recorded by [Defendant-Perry] at any time during visits related to medical care [at] the Sunnybrook and/or Millbrook Clinic."

The complaint alleged ten state law causes of action arising in tort against Defendant-Perry and Defendant-County. As against both Defendants, the Patient Class Representatives and the Patient Class alleged: negligence; or, in the alternative to negligence, medical negligence; invasion of privacy; and negligent infliction of emotional distress. As against Defendant-County, the Patient Class Representatives and the Patient Class alleged: premises liability; corporate negligence; and negligent hiring, retention, and supervision. As against Defendant-Perry, the Patient Class Representatives and the Patient Class alleged intentional infliction of emotional distress. As against both Defendants, the Spouse Representatives and the Spouse Class alleged loss of consortium. Finally, as against both Defendants, all Plaintiffs alleged punitive damages.

To summarize, Plaintiffs' complaint alleged that Defendant-Perry, while working as a CNA at the Clinics, placed hidden cameras in the facility to secretly record prenatal care patients during various stages of undress when they were "being weighed, using the bathroom, and/or being examined." Plaintiffs alleged that

Defendant-Perry's conduct caused "them and others similarly situated serious humiliation, embarrassment, reputational harm, emotional distress, mental anguish and other economic and non-economic damages." Plaintiffs also alleged that Defendant-County was vicariously liable for the acts of Defendant-Perry as he "was acting in the course and scope of [his] employment and/or agency." Additionally, Plaintiffs asserted that Defendant-County was liable in its own capacity, for its separate acts or omissions as Defendant-Perry's employer.

On 4 April 2023, Defendant-County filed an answer and moved to dismiss all claims. On 28 July 2023, Defendant-County filed a notice of hearing. On 10 August 2023, the trial court heard arguments on Defendant-County's motion to dismiss.

At the hearing, Defendant-County primarily argued that Plaintiffs' claims were barred by governmental immunity. Specifically, Defendant-County argued it was entitled to "immunity from torts committed by their employees in the exercise of [] a governmental function." Plaintiffs argued the claims against Defendant-County were not barred by governmental immunity since Defendant-County was engaging in a proprietary, not governmental, function. Defendant-County further argued that since governmental immunity applied, Plaintiffs' claims should also be dismissed for lack of personal jurisdiction.

On 5 September 2023, the trial court granted Defendant-County's motion to dismiss under N.C. R. Civ. P. 12(b)(2) and 12(b)(6) with prejudice. In the Order, the trial court concluded "the court lacks personal jurisdiction over [Defendant-County]

and [] the [P]laintiffs' complaint against [Defendant-County] fails to state claims against [Defendant-County] upon which relief may be granted[.]" On 5 September 2023, Plaintiffs filed a notice of appeal from the Order.

## II. Jurisdiction

As an initial matter, we must consider whether this appeal is properly before us. As a general rule, this Court only hears appeals after a final judgment. *See Denney v. Wardson Constr., Inc.*, 264 N.C. App. 15, 17, 824 S.E.2d 436, 438 (2019) (citations omitted). " 'A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court.' " *Duval v. OM Hosp., LLC*, 186 N.C. App. 390, 392–93, 651 S.E.2d 261, 263 (2007) (quoting *Veazey v. City of Durham*, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381, *rehearing denied*, 232 N.C. 744, 59 S.E.2d 429 (1950) (internal citations omitted)). Conversely, "[a]n interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381 (citing *Johnson v. Roberson*, 171 N.C. 194, 88 S.E. 231, 231–32 (1916)). "Generally, there is no right of immediate appeal from interlocutory orders and judgments[,]" *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990), predominately because "[t]he allowance of fragmentary and premature appeals from interlocutory orders would encourage and facilitate delays, increase costs and multiply appeals," *Cole v. Farmers Bank & Tr. Co.*, 221 N.C. 249, 249, 20

S.E.2d 54, 56 (1942).

There are exceptions to this rule, however. First, interlocutory orders are "immediately appealable if the order represents 'a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment.'" *Pentecostal Pilgrims & Strangers Corp. v. Connor*, 202 N.C. App. 128, 132, 688 S.E.2d 81, 84 (2010) (quoting N.C. R. Civ. P. 54(b)). Under N.C. R. Civ. P. 54(b), the trial court must "certif[y] there is no just reason to delay the appeal[.]" *James River Equip., Inc. v. Tharpe's Excavating, Inc.*, 179 N.C. App. 336, 339, 634 S.E.2d 548, 552 (2006) (quotation marks and citation omitted).

Next, if the requirements of N.C. R. Civ. P. 54(b) are not met, a party may still appeal an interlocutory order "when the challenged order affects a substantial right." *Denney*, 264 N.C. App. at 17, 824 S.E.2d at 438; *see* N.C. Gen. Stat. § 7A-27(b)(3)(a) (2023) ("[A]ppeal lies of right directly to the Court of Appeals . . . [f]rom an interlocutory order or judgment of a superior court or district court in a civil action or proceeding that . . . [a]ffects a substantial right."). "A substantial right is a legal right affecting or involving a matter of substance as distinguished from matters of form; a right materially affecting those interests which a [party] is entitled to have preserved and protected by law: a material right." *Pentecostal*, 202 N.C. App. at 132, 688 S.E.2d at 84 (internal quotation marks and citation omitted).

To request appellate review of an interlocutory order, "the appellant must

include in [their] opening brief, in the statement of grounds for appellate review, 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.'" *Denney*, 264 N.C. App. at 17, 824 S.E.2d at 438 (quoting *Larsen v. Black Diamond French Truffles, Inc.*, 241 N.C. App. 74, 77, 772 S.E.2d 93, 95 (2015)); *see* N.C. R. App. P. 28(b)(4). Exactly what facts and argument are sufficient, however, depends on the nature of the case before us. *See Denney*, 264 N.C. App. at 17–18, 824 S.E.2d at 438 (explaining there are "different rules concerning *how* a litigant must show that a substantial right is affected") (emphasis in original). Generally, an appellant is required to " 'present more than a bare assertion that the order affects a substantial right; they must demonstrate *why* the order affects a substantial right.' " *Beroth Oil Co. v. N.C. Dep't of Transp.*, 256 N.C. App. 401, 411, 808 S.E.2d 488, 496 (2017) (quoting *Hoke Cnty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277–78, 679 S.E.2d 512, 516, *disc. review denied*, 363 N.C. 653, 686 S.E.2d 515 (2009)) (emphasis in original).

For certain issues, however, a demonstration of "*why* the order affects a substantial right," *Beroth*, 265 N.C. App. at 411, 808 S.E.2d at 496 (emphasis in original), although encouraged, is not required to confer jurisdiction, *see Denney*, 264 N.C. App. at 18, 824 S.E.2d at 438. Instead, "[s]ome rulings by the trial court affect a substantial right essentially as a matter of law." *Denney*, 264 N.C. App. at 18, 824 S.E.2d at 438. For example, "[t]his Court has held that a denial of a Rule 12(b)(6) motion to dismiss on the basis of sovereign immunity affects a substantial right and

is immediately appealable." *Green v. Kearney*, 203 N.C. App. 260, 266, 690 S.E.2d 755, 761 (2010); *see also McClennahan v. N.C. School of Arts*, 177 N.C. App. 806, 808, 630 S.E.2d 197, 199 (2006) (noting "this Court has repeatedly held that appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review"). Additionally, we have concluded that "motions to dismiss for lack of personal jurisdiction affect a substantial right and are immediately appealable." *A.R. Haire, Inc. v. St. Denis*, 176 N.C. App. 255, 257–58, 625 S.E.2d 894, 898 (2006); *see also Cohen v. Cont'l Motors, Inc.*, 279 N.C. App. 123, 132, 864 S.E.2d 816, 822 (2021).

Bearing these rules in mind, it remains the appellant's burden to raise and sufficiently brief the threshold question of jurisdiction. *See Doe v. City of Charlotte*, 273 N.C. App. 10, 22, 848 S.E.2d 1, 10 (2020) (explaining it is the appellant's burden to " 'construct arguments for or find support for [their] right to appeal from an interlocutory order' ") (quoting *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)). Specifically, where an appellant seeks review of an interlocutory order on a substantial right theory, she must "show[] that the order appealed from affects a substantial right." *Butterfield v. Gray*, 279 N.C. App. 549, 552, 866 S.E.2d 296, 300 (2021); *see* N.C. R. App. P. 28(b)(4). So, in situations where the issue on appeal arguably affects a substantial right as a matter of law, we consider what the appellant must include in her brief to meet her burden.

If the appeal arguably implicates issues of governmental immunity, sovereign

immunity, personal jurisdiction, or another well-recognized category of substantial right, the appellant must include in her brief a "categorical assertion that the issue is immediately appealable." *See Denney*, 264 N.C. App. at 18, 824 S.E.2d at 438. She must also "cit[e] to precedent to show that an order affects a substantial right." *See Doe*, 273 N.C. App. at 22, 848 S.E.2d at 10. Although she is not required to demonstrate "*why* the order affects a substantial right," she must, at a minimum, fulfill these two requirements to meet her burden of providing "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." *See* N.C. R. App. P. 28(b)(4).

Here, Plaintiffs sought relief against two Defendants—Defendant-Perry and Defendant-County—based on claims arising from a common set of facts. The trial court dismissed the claims against Defendant-County without dismissing the claims against Defendant-Perry. Therefore, the trial court's grant of Defendant-County's motion to dismiss was a final judgment as to Defendant-County but not as to all parties. As a result, the Order is interlocutory. *See Babb v. Hoskins*, 223 N.C. App. 103, 105, 733 S.E.2d 881, 883 (2012).

Because Plaintiffs appeal from an interlocutory order, it is their burden to sufficiently brief the issue of jurisdiction. *See Doe*, 273 N.C. App. at 22, 848 S.E.2d at 10. Given the trial court did not certify the Order for immediate review, Plaintiffs' only route to immediate review is to assert that the Order affects a substantial right. Accordingly, it is Plaintiffs' burden to categorically assert that the challenged order

affects a substantial right, supported by citation to applicable precedent. *See Denney*, 264 N.C. App. at 18, 824 S.E.2d at 438. Plaintiffs, however, do not meet their burden.

Although this appeal arguably involves issues of sovereign immunity and personal jurisdiction—issues that may affect a substantial right as a matter of law— Plaintiffs have incorrectly stated the Order from which they appeal is a "final judgment" and that this Court has jurisdiction pursuant to section 7A-27(b). Additionally, Plaintiffs fail to cite to any precedent demonstrating that the challenged Order affected a substantial right. *See Doe*, 273 N.C. App. at 22, 848 S.E.2d at 10.[1] Instead, Plaintiffs simply include the following in their statement of the grounds for appellate review: "Judge Hill's granting of Defendant County's Motions to Dismiss under rule 12(b)(2) and 12(b)(6) are final judgments, and appeal therefore lies to the Court of Appeals pursuant to N.C. Gen. Stat. § 7A-27(b)."

In short, Plaintiffs not only fail to assert a substantial right, they do not even mention the interlocutory nature of their appeal. Without at least a "categorical assertion that the issue is immediately appealable," *see Denney*, 264 N.C. App. at 18,

---

[1] When the trial court denies a defendant's motion to dismiss and concludes a party is not entitled to the defense of governmental or sovereign immunity, it is traditionally the defendant who asserts an immediate right of appeal based on a substantial right theory. *See Can Am South, LLC v. State*, 234 N.C. App. 119, 121–22, 759 S.E.2d 304, 307 (2014). Generally, the substantial right at issue is a defendant's right to avoid the time and expense of an unwarranted continuation of proceedings.

Here, the procedural posture is the inverse—*Plaintiffs* appealing a trial court's *grant* of Defendant-County's motion to dismiss. Because Plaintiffs failed to carry their burden to show appellate jurisdiction, we do not opine on their right to appeal assuming they sufficiently asserted governmental immunity as a substantial right in their brief. The question of whether Plaintiffs would have been entitled to appellate review on personal jurisdiction grounds—which would have necessarily involved a determination of whether Defendant-County was immune—is a separate consideration.

824 S.E.2d at 438, Plaintiffs fail to meet their burden of properly requesting review from an interlocutory order. *See Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980) ("It is well established . . . that if an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves."). Thus, we dismiss Plaintiffs' appeal as interlocutory.

### III. Conclusion

In sum, we lack jurisdiction over this interlocutory appeal because Plaintiffs did not make a categorical assertion that the appeal affects a substantial right. Accordingly, we dismiss Plaintiffs' appeal as interlocutory.

DISMISSED.

Judge FLOOD concurs.

Judges STADING concurs by separate opinion.

STADING, Judge, concurring, writing separately.

I join in the majority opinion in full but write separately to further emphasize that Plaintiffs could provide our Court with appellate jurisdiction upon sufficiently asserting governmental or sovereign immunity as a substantial right in their brief.

Our precedents establish that "appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review." *Hines v. Yates*, 171 N.C. App. 150, 156, 614 S.E.2d 385, 389 (2005). *See Ballard v. Shelley*, 257 N.C. App. 561, 564, 811 S.E.2d 603, 605–06 (2018) (holding that granting a government defendant's motion to dismiss on sovereign immunity grounds affects a substantial right, just as denial does, and thus warrants immediate appellate review); *see also Denney v. Wardson Constr., LLC*, 264 N.C. App. 15, 18, 824 S.E.2d 436, 438 (2019) ("Some rulings by the trial court affect a substantial right essentially as a matter of law. Sovereign immunity is an example. A litigant appealing the denial of a sovereign immunity defense need only show that they raised the issue below and the trial court rejected it . . . .").

The *Ballard* Court explained that when a trial court *denies* a government defendant's motion to dismiss a tort claim based on the doctrine of sovereign immunity, the State or its subdivisions may seek immediate review as it affects a substantial right as a matter of law. 257 N.C. App. at 564, 811 S.E.2d at 605. But since previous decisions of our Court have "held that the *grant* of a motion to dismiss

based on sovereign immunity or governmental immunity is appealable," the *Ballard* Court determined it was bound to hold the same. *Id.* at 564, 811 S.E.2d at 605–06.

Had Plaintiffs carried their burden in demonstrating appellate jurisdiction, as in *Ballard*, precedent would similarly bind us to hold that their interlocutory appeal impacted a substantial right for immediate appellate review. 257 N.C. App. at 564, 811 S.E.2d at 605–06 ("In a series of cases that we are unable to distinguish from this one, our Court has held that the grant of a motion to dismiss based on sovereign or governmental immunity is immediately appealable.") (citing *Greene v. Barrick*, 198 N.C. App. 647, 649–50, 680 S.E.2d 727, 729–30 (2009) and *Odom v. Lane*, 161 N.C. App. 534, 535, 588 S.E.2d 548, 549 (2003)); *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (holding that where a court of appeals panel has decided the same issue in a different case, then a subsequent panel of the same court is bound by that precedent unless overturned from a higher court).